Deanna JOHNSON, a minor, by her Guardian ad Litem, Bradley A. Kennedy, and Rosanne Kuechenmeister, Plaintiffs-Appellants,

v.

Scott A. OWEN and American Standard Insurance Company of Wisconsin, Defendants-Respondents.

Court of Appeals

*No. 94–2039–FT. Submitted on briefs January 3, 1995.—Decided January 31, 1995.*

(Also reported in 528 N.W.2d 511.)

On behalf of plaintiffs-appellants, the cause was submitted on the briefs of *Bradley A. Kennedy* of *Tlusty, Hittner, Kennedy & Freeburg, S.C.* of Schofield.

On behalf of defendants-respondents, the cause was submitted on the brief of *John P. Runde* of *Terwilliger, Wakeen, Piehler & Conway, S.C.* of Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Deanna Johnson appeals a judgment dismissing her negligence action against the defendants, Scott Owen and his insurer, American Standard Insurance Company of Wisconsin (collectively, Owen), following a jury trial.[1] Johnson's injuries arose out of a collision at an intersection between Owen's automobile and Johnson's bicycle as she was pedaling through the crosswalk. The trial court found

---

[1] This is an expedited appeal under RULE 809.17, STATS.

that Johnson's travel into the pedestrian crosswalk and her failure to operate on the right side of the roadway with her bicycle was negligence per se in violation of safety statutes. After the jury found Owen not negligent, the court dismissed Johnson's complaint. Johnson alleges that the negligence findings of both the court and the jury were in error, and that the jury's damage award was inadequate as a matter of law.

Owen has moved this court to dismiss the appeal without reaching the merits because the parties reached a binding agreement, made in compliance with § 807.05, STATS., that Johnson would forego an appeal in return for Owen's waiver of costs.[2] Johnson argues that even if the stipulation were valid, as the trial court concluded, it should have granted equitable relief because *Chernetski v. American Family Mut. Ins. Co.*, 183 Wis. 2d 68, 515 N.W.2d 283 (Ct. App. 1994), published after the stipulation, demonstrates that the trial court erred in its interpretation of a bicycle's right-of-way at an intersection. We agree with the trial court that the parties' agreement constitutes an enforceable stipulation under § 807.05, and that *Chernetski* is consistent with the trial court's ruling on right-of-way. It does not provide a basis for relief from the stipulation. We therefore dismiss the appeal.

The accident in this case occurred when Johnson, traveling northbound on a Wausau city sidewalk, rode

---

[2] Section 807.05, STATS., provides:

Stipulations. No agreement, stipulation, or consent between the parties or their attorneys, in respect to the proceedings in an action or special proceeding shall be binding unless made in court or during a proceeding conducted under s. 807.13 or 967.08 and entered in the minutes or recorded by the reporter, or made in writing and subscribed by the party to be bound thereby or the party's attorney.

her bicycle through a crosswalk on the west side of Sixth Street, and was struck by Owen's auto at the intersection with Nina Avenue. Owen, traveling eastbound on Nina, stopped at a stop sign and then pulled into the crosswalk intending to continue east across Sixth Street when the collision occurred.

Johnson's lawsuit was tried to a jury. At the conclusion of the evidence, the court ruled that Johnson was negligent as a matter of law. The court reached this ruling from its reading of several statutes found among the "Rules of the Road" set forth in ch. 346, STATS. Sections 346.804, and 346.94(1), STATS., when read together, permit persons to ride bicycles on sidewalks only when local authorities permit.[3] The court ruled that these statutes were to be read in conjunction with § 346.05(1), STATS., requiring the operator of a vehicle to drive on the right half of the roadway (with exceptions not applicable here).[4] Thus, because there was no claim that the city authorized bicycles to operate on the sidewalk on Sixth Street, the court

---

[3] Section 346.804, STATS., provides:

Riding bicycle on sidewalk. When local authorities under s. 346.94 (1), permit bicycles on the sidewalk, every person operating a bicycle upon a sidewalk shall yield the right-of-way to any pedestrian and shall exercise due care and give an audible signal when passing a bicycle rider or pedestrian proceeding in the same direction.

Section 346.94(1), STATS., provides:

Driving on sidewalk. The operator of a vehicle shall not drive upon any sidewalk area except at a permanent or temporarily established driveway unless permitted to do so by the local authorities.

[4] Section 340.01(54), STATS., provides in part:

"Roadway" means that portion of a highway between the regularly established curb lines or that portion which is improved, designed or ordinarily used for vehicular travel, excluding the berm or shoulder.

concluded that the statutes required Johnson to cross the intersection by riding her bicycle along the right half of the roadway, and that her failure to do so was negligence as a matter of law.[5]

The court signified its ruling by inserting the answer "Yes" to a verdict question inquiring whether Johnson was negligent. The remaining verdict inquiries were submitted to the jury for a decision, and the jury found that Owen was not negligent. The court denied Johnson's motions after verdict seeking a judgment notwithstanding the verdict or a new trial, while granting Owen's motion for judgment on the verdict with statutory costs.

Following the denial of Johnson's motions after verdict, her counsel wrote the following letter, dated May 16, 1994, to Owen's counsel:

> My client has authorized me to file an appeal of the judgment in the above-captioned matter unless your clients waive their court costs.
>
> I have advised my client that we have several appealable issues, however, I have been instructed to advise you that if your clients will waive their costs, we will not pursue the matter further.
>
> Please advise.
>
> Owen's counsel responded by letter dated June 2, 1994:
>
> Please be advised that American Family Mutual Insurance Company is willing to waive costs in exchange for the plaintiff foregoing an appeal in this case.

---

[5] The court did not answer the question whether Johnson's negligence was causal. Because the jury found Owen not negligent, the jury did not answer this question either.

If you have any questions about this, please do not hesitate to contact me.

Johnson's counsel then sought to retract the previous arrangement by letter dated June 16, 1994:

> I am in receipt of your letter of June 2, 1994 in which you indicated that American Family Mutual Insurance Company is willing to waive costs in exchange for the plaintiff foregoing an appeal in this case. Please be advised that in light of the recent decision of the Court of Appeals in *Chernetski v. American Family Mutual Insurance Company*, 183 Wis. 2d 68 (1994), my client is reconsidering whether to appeal. We do intend to ask the Court to reconsider our motions after verdict based upon this case.
>
> To that end, I enclose our notice of motion and motion for reconsideration, which is served on you pursuant to Section 801.14, Wis. Stats.

The trial court heard the motion, as well as Owen's contention that the letters constituted an enforceable stipulation. The court found the agreement complied with § 807.05, STATS., and also concluded that the *Chernetski* decision did not interpret the law of right-of-way for bicycles differently, and afforded no basis for an equitable avoidance of the stipulation.

██

Section 807.05, STATS., is applicable here. Cases enforcing stipulations are nothing new. A stipulation is a contract made in the course of judicial proceedings. *State ex rel. Southern Colonization Co. v. Circuit Court*, 187 Wis. 1, 4, 203 N.W. 923, 925 (1925). Stipulations may relate merely to procedural matters, or they may have all the essential characteristics of mutual contract. *Paine v. Chicago & N.W. R. Co.*, 217 Wis. 601, 604, 258 N.W. 846, 848 (1935). Parties may shorten the

time for bringing a motion for leave to commence an original proceeding in the supreme court by such a stipulation. *In re Exercise of Orig. Juris. of Sup. Court*, 201 Wis. 123, 128-29, 229 N.W. 643, 645 (1930).

This court has upheld a stipulation between attorneys relating to time to file an answer on the basis of contract where it met the requirements of § 807.05, STATS., subject to the trial court's inherent authority to terminate or void it. *Oostburg State Bank v. United S&L Ass'n*, 125 Wis. 2d 224, 233 n.4, 372 N.W.2d 471, 475 n.4 (Ct. App. 1985). Our supreme court affirmed the decision, but did so upon ethical grounds, expressly declining to review our contract analysis. *Oostburg State Bank v. United S&L Ass'n*, 130 Wis. 2d 4, 12-13, 386 N.W.2d 53, 57 (1986).[6]

There is, on the other hand, an inherent judicial power to avoid a stipulation in equity. In a case arising out of a stipulation in a divorce action, our supreme court held:

> The discretion of the trial court to relieve parties from stipulations when improvident or induced by fraud, misunderstanding or mistake, or rendered inequitable by the development of a new situation, is a legal discretion to be exercised in the promotion of justice and equity, and there must be a plain case

---

[6] The exchange of letters constituted an executory contract: Johnson's promise to forego an appeal in exchange for Owen's promise to waive costs in the judgment. We therefore reject Johnson's argument that more was required. Because the letters were in writing and signed by the attorneys for the parties, they comply with § 807.05, STATS., subject to the court's inherent power to terminate or void such an agreement. *See Oostburg State Bank v. United S&L Ass'n*, 125 Wis. 2d 224, 233 n.4, 372 N.W.2d 471, 475 n.4 (Ct. App. 1985).

of fraud, misunderstanding or mistake to justify relief.

*Schmidt v. Schmidt*, 40 Wis. 2d 649, 654, 162 N.W.2d 618, 621 (1968). A court exceeds the limits of its discretion if its discretionary decision is based upon an error of law. *Schulz v. Ystad*, 155 Wis. 2d 574, 599-600, 456 N.W.2d 312, 322 (1990).

Johnson relies upon the *Chernetski* decision as the equitable basis for relief here. *Chernetski* neither expressly nor by inference suggests a different right-of-way for bicyclists than the trial court applied here. The plaintiff in *Chernetski* was operating her bicycle westbound on the roadway, not on the sidewalk, crossing an intersection with the green light. *Id.* at 72, 515 N.W.2d at 285. In the meantime, the eastbound defendant was turning left or north onto the intersecting street into the bicycle's path when the two vehicles collided. *Id.* at 71-72, 515 N.W.2d at 285. The *Chernetski* court agreed with the trial court that the auto driver was required to comply with the provisions of § 346.18, STATS., requiring the operator of a vehicle within an intersection intending to turn left across the path of any vehicle approaching from the opposite direction to yield the right-of-way. *Id.* at 72-73, 515 N.W.2d at 285-86. The defendant therein unsuccessfully maintained that this general provision for yielding the right-of-way did not apply to approaching bicycles; instead, he relied upon § 346.25, STATS., which requires pedestrians and bicyclists crossing a roadway at any point other than within a marked or unmarked crosswalk to yield the right-of-way to all vehicles upon the roadway. *Id.* at 73, 515 N.W.2d at 286. *Chernetski* rejected the latter statute as inapplicable to the facts and harmonized the two sets of right-of-way statutes: The general right-of-way applicable to bicycles legally operating on the roadway,

351

*e.g.*, § 346.18, and the right-of-way applicable to bicyclists acting in a "pedestrian-like" capacity, *e.g.*, § 346.23-25. *Id.* at 72-77, 515 N.W.2d at 285-88.

Johnson's reliance upon *Chernetski* is misplaced. That case and the statutes with which it deals leave no doubt that a bicyclist's "pedestrian-like" right-of-way when coming off a sidewalk into a crosswalk is limited to those bicyclists legally on the sidewalk. *Chernetski* noted that the earlier bicycle right-of-way legislation relating to sidewalks, adopted in 1973, granted right-of-way to those legally on the sidewalk. *Id.* at 75-76, 515 N.W.2d at 287. Thus, the 1985 amendments *Chernetski* addresses were merely legislative attempts to "clarify" the rights of bicyclists in the crosswalk. *Id.* at 76, 515 N.W.2d at 287. There is no basis whatsoever in the language or logic of the case to suggest that the right-of-way upon entering a crosswalk extends to a bicyclist who enters illegally from the sidewalk, or that such a bicyclist avoids the general rule of the road that all vehicles operate on the right half of the roadway.

Thus, because the trial court did not erroneously exercise its discretion when it denied relief based upon *Chernetski*, we dismiss the appeal. *Chernetski* provides no basis in equity to rescind or avoid an agreement to forego an appeal in exchange for waiver of court costs. Parties should be encouraged to settle disputes by stipulation, and the agreement here reflects mutual consideration and promises that should be honored. Although Johnson also seeks a new trial in the interest of justice, arguing that the evidence does not support the jury's finding that Owen was not negligent, and that the jury's damage award was inadequate, these potential errors were already argued to the trial court and known to Johnson when the stipulation was freely

made. We decline to review these additional contentions on the merits under these circumstances.

*By the Court.*—Judgment dismissed.