STATE of Wisconsin, Plaintiff-Respondent,

v.

A.H., Defendant-Appellant.†

Court of Appeals

*No. 96–2311–CR. Submitted on briefs March 7, 1997.—Decided May 1, 1997.*

(Also reported in 566 N.W.2d 858.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Donald T. Lang,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, with *Thomas J. Balistreri,* assistant attorney general.

Before Eich, C.J., Vergeront and Deininger, JJ.

EICH, C.J. A.H.[1] appeals from a judgment convicting him of three counts of second-degree sexual assault, three counts of incest, one count of possession of sexually explicit materials (with intent to display to minors), and one count of possession of child pornography.[2] He was sentenced to a total of sixty years in prison on the sexual assault and incest charges, and to concurrent thirty-three-month terms on the possession charges.

A.H.'s appeal centers on the trial court's decision to allow into evidence several volumes of erotic/pornographic photographs. He claims their admission constituted prejudicial error, warranting a new trial on all charges. With respect to the charge of possessing child pornography, he also argues that (1) the evidence was insufficient to convict and, alternatively, (2) he is entitled to a new trial because the trial court improperly "amended" the possession instruction after the jury retired to begin its deliberations.

We conclude that it was error to admit the photo albums but that the error was prejudicial with respect to only the charge of possessing child pornography; we consider the error harmless with respect to the other charges. We therefore reverse A.H.'s conviction and sentence for possession of child pornography and

---

[1] We use the defendant's initials to protect the identity of members of his family referred to in the opinion.

[2] A.H. was acquitted of two counts of physical abuse of a child.

remand for a new trial on that charge.[3] In all other respects, we affirm the judgment.

A.H.'s sexual assault and incest convictions were based on his sexual contact with his two teenage daughters. The pornography charge was based on two photos showing a young girl—appearing to be about five or six years old—posing in a sexually suggestive manner, once by herself and once in the company of a girl appearing to be two or three years old.[4]

Prior to trial the State sought admission of a large amount of sexually oriented material found at A.H.'s house—including several pornographic books dealing with matters such as bestiality and a variety of other sexual/pornographic subjects, between ten and twenty videotaped pornographic movies involving adults and teenagers, and a foot-long rubber penis. Most of these items were admitted into evidence as bearing on the charge of possessing sexually explicit material with the intent to exhibit it to minors, and he does not challenge their admission here.

The State also sought admission of twelve photo albums. Two contain fairly innocent "bathing-beauty"-type photos. The remaining ten albums—which form the basis of A.H.'s appeal—contain between 2200 and 2400 photos depicting adult women and men in a variety of sexual and pornographic situations. The two photos on which the child-pornography charges were based were found in one of these albums. Arguing for the albums' admission, the prosecutor claimed they were relevant to show the "context in which [the]

---

[3] Because we so rule, it becomes unnecessary to consider A.H.'s other arguments on the charge of possession of child pornography.

[4] In both photos, the child is nude and posed spread-legged, revealing her genitals.

photographs of the children were put." He stated: "[The albums] have naked women, people having intercourse, and the child pornography pictures came out of one of those albums, and that's . . . the context for the child pornography." As he would later explain to the jury in his closing argument, the prosecutor claimed that, while the child photos themselves might not be considered pornographic, the fact that they were found in an album or albums containing adult pornographic pictures could make them so. A.H.'s counsel objected, maintaining that the jury should decide from the two photos themselves whether they were pornographic.

The trial court agreed with the prosecutor's "context" argument and allowed all the albums into evidence, stating that the fact that A.H. possessed "that big of a collection of nude pictures" tended to prove that the photos of the young girl were pornographic. Then, in his closing argument, the prosecutor, emphasizing that the two photos showing the young girl's genitals were found inserted in one of the albums, stated that what made the pictures "worse" was "the context that this man put [them] into."

> Now if that was in a family picture album, I would think it was strange, but I don't know if I would think it was child pornography. But that man put it into this with . . . adult naked women doing all sorts of poses and into the context of the rest of this album which has more pictures of that woman . . . .
>
> And who put them in there? [A.H.]. And they're with other pictures like that. Given that context, given the context of the rest of this photo album which has pictures like that . . . what are those pictures? Well I submit to you that they are child

pornography. . . . [R]emember . . . that's the context
he put that picture into.

The photo albums were eventually sent to the jury
room when the jury retired to deliberate.

The State cites two cases in support of its "context"
argument. The first, *State v. C.V.C.*, 153 Wis. 2d 145,
450 N.W.2d 463 (Ct. App. 1989), holds generally that
the exceptions stated in the "other-acts-evidence"
statute, § 904.04(2), STATS.,[5] are illustrative rather
than exclusive, and that "[a]n accepted basis for the
admissibility of evidence of other crimes arises when
such evidence furnishes part of the context of the crime
or is necessary to a full presentation of the case." *Id.* at
162, 450 N.W.2d at 469 (quotations and quoted sources
omitted). Whatever significance "context" may have
with respect to the other-acts-evidence rule, that
significance is lost here, for the issue before us is
whether the "pornographic" nature of the two photos of
the children may be established by the context in which
A.H. stored them: somewhere within a collection of
more than 2000 sexually suggestive and pornographic
pictures of adults.

The State also relies on *Ginzburg v. United States*,
383 U.S. 463, 475 (1966), for the proposition that
materials whose pornographic content may be
"questionable" may be shown to be pornographic if they
are viewed or presented "in a context which brands
them as obscene." The issue in *Ginzburg* was whether

---

[5] Section 904.04(2), STATS., bars admission of evidence of
"other crimes, wrongs or acts . . . to prove the character of a
person in order to show that the person acted in conformity
therewith" on a particular occasion, except when the evidence is
offered for "other purposes" such as "proof of motive,
opportunity, intent, preparation, plain knowledge, identity or
absence of mistake or accident."

certain publications were obscene, and the quoted comments referred to whether the Court could consider the fact that the persons distributing the material were in the "sordid business of pandering—. . . 'purveying textual or graphic matter openly advertised to appeal to the erotic interest of . . . customers' " in determining whether the materials violated federal obscenity laws. *Id*. at 467, 474–75 (quoted source omitted). The Court answered the question in the affirmative. *Id*.

We fail to see how *Ginzburg* aids the State's argument. This is not a case of "pandering" in connection with the sale of questionable materials. It is, as we noted above, one in which the State is attempting to prove that the photos, which the prosecutor candidly told the jury may well not be pornographic in and of themselves, could take on a pornographic identity—and thus violate the child-pornography possession statute, § 948.12, STATS.—simply because of the location where A.H. stored them in his home. *Ginzburg* is not on point with that assertion, and it is that assertion upon which the State bases its case for admission of the photo albums.

■

The Legislative Council note to 1987 Wis. Act 332, which created § 948.12, STATS.—the same act that created the statutes dealing with sexual exploitation of children—recognizes child pornography as "the 'fruits' of child sexual exploitation" and states: "This prohibition against possession is intended to supplement the restrictions in the child sexual exploitation statute and thereby more effectively deter and penalize the sexual abuse of children than is possible under current law." Given those considerations, we are satisfied that the focus of the inquiry under the statute is the content of the

photograph and how it was produced, not the particular location or manner in which it is ultimately stored or kept by the person possessing it.

We have considered the two photos and are satisfied that their content is such that, simply by examining them, a reasonable jury could find them pornographic within the meaning of § 948.12, STATS., which proscribes possession of any picture of a child engaged in "sexually explicit conduct"—which is defined, among other things, as "[l]ewd exhibition of the genitals or pubic area." Section 948.01(7)(e), STATS, 1993–94. We also believe—as the prosecutor suggested to the jurors in this case—that, considering them in isolation, a reasonable jury might also consider the photos of the children not to violate the statute. The problem is that the 2000-plus photos of adults were offered and admitted into evidence as providing the vehicle through which the jury was to determine whether the two photos of the children were, or were not, pornographic. The State did not argue or suggest to the trial court—and does not argue or suggest to us—any other manner in which the contents of those ten photo albums might be relevant to the charge of possessing child pornography. And the effect of their admission—coupled with the prosecutor's arguments to the jury—was that the jurors were told, essentially, that even if they might consider the photos not to be pornographic in and of themselves, the fact that they were found in the company of 2000-plus suggestive and pornographic photos of adults could make them so. As we indicated, the State has not put forth any authority suggesting that is the law in Wisconsin.

We conclude, therefore, that the trial court erred in admitting the albums with respect to the child-

pornography charge.[6] And we are equally satisfied that the error was prejudicial. An error may be excused as harmless in certain circumstances, such as when it may be considered so "trivial" that it would "affect the final result not one whit." *State v. Dyess*, 124 Wis. 2d 525, 540, 370 N.W.2d 222, 230 (1985). In other words, once error is found, the verdict must be set aside unless we are "sure that the error did not influence the jury or had such slight effect as to be *de minim[i]s*." *Id.* at 541–42, 370 N.W.2d at 231. The test is "whether there is a reasonable probability that the error contributed to the conviction," and it focuses on "whether the error 'undermine[s] confidence in the outcome'" of the case. *Id.* at 543, 545, 370 N.W.2d at 231–32, 232 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

■ For the reasons just stated, we think that test was met, and that A.H. is entitled to a new trial on the charge of possessing child pornography. We cannot say that the admission of the several adult photo albums did not influence the jury, or had a *de minimis* effect on its deliberations and ultimate verdict. Their admission essentially told the jury that they could decide the crucial issue on the child-pornography charge by a process not authorized by law, and, in our opinion, that creates a reasonable probability it contributed to the outcome of the pornography charge in this case. The error was not harmless and entitles A.H. to a new trial on the charge of possession of child pornography.

---

[6] Admission or rejection of evidence is, of course, within the trial court's discretion. *State v. Alsteen*, 108 Wis. 2d 723, 727, 324 N.W.2d 426, 428 (1982). If, however, a discretionary decision rests upon an error of law, the decision exceeds the limits of the court's discretion. *Johnson v. Owen*, 191 Wis. 2d 344, 351, 528 N.W.2d 511, 514 (Ct. App. 1995).

We reach a different conclusion with respect to the effect of the albums' admission on the other charges. Included in the evidence allowed by the trial court—evidence A.H. does not challenge here—were several books with such titles as *Incest Fantasies: Father and Daughter, More Incest Fantasies: Mother and Son,* and *Sin Time With Mother,* as well as several films with such titles as *Little French Maid, Babysitter,* and *Babydoll,* showing sexual acts involving adults and teenage girls—including one in which a "young appearing female" calls a man "daddy." In addition, there was extensive testimony as to the incestuous relationship A.H. had carried on with his young daughters, and with an adopted daughter from a previous marriage, for which he had been convicted of sexual assault. Finally, as the State notes in its brief, the prosecutor advised the jury that the photo albums were relevant only to the child-pornography charge.[7]

██

We agree with the State that, given the cumulative effect of all the unchallenged evidence, there is no reasonable probability that admission of the photo albums affected the jury's verdict on the charges of incest, sexual assault, and possession of sexually explicit materials with intent to exhibit to minors.[8] We therefore affirm the convictions and sentences on those charges. Further proceedings shall be consistent with this opinion.

---

[7] In his closing argument, the prosecutor stated: "The albums, why the photo albums? Well, it goes to the child pornography charge."

[8] There was testimony that A.H.'s daughters had viewed some of the films and even some of the photo albums, either at his instigation or in his presence. A.H. testified that he never did any of these things.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded.