IN RE the TERMINATION OF PARENTAL RIGHTS TO
BRANDON I. R., a person under the age of 18:

RONALD J. R., Petitioner-Respondent,

v.

ALEXIS L. A., Respondent-Appellant.†

Court of Appeals

*No. 2012AP1300. Submitted on briefs May 2, 2013.
Decided May 8, 2013.*

2013 WI App 79

(Also reported in 834 N.W.2d 437.)

† Petition for Review filed.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Brian C. Findley* of Darlington.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *William M. Binder* and *Nancy Phelps* of Milwaukee.

On behalf of the guardian ad litem for *Brandon I.R.*, there was a brief filed by *John J. Grau* of *Grau Law Office* of Waukesha.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. BROWN, C.J.   Alexis L.A. appeals from the partial summary judgment decision finding grounds to

terminate her parental rights.[1] She makes constitutional arguments as to why her rights should not have been terminated on those grounds, but in order to reach those, we must first get past the stipulation she entered into where she agreed not to appeal the summary judgment decision in exchange for a second ground being dismissed by the petitioner. We conclude that the stipulation she entered into was valid and precludes her appeal even though she now raises constitutional arguments she claims not to have known about before signing the stipulation. We affirm.

¶ 2.  This case involves a father, Ronald J.R., petitioning to terminate the parental rights of the mother, Alexis. Ronald initially filed for termination on two grounds relevant to this appeal:  continuing denial of periods of physical placement and failure to assume parental responsibility. *See* Wis. Stat. § 48.415(4) & (6).

¶ 3.  The continuing denial of periods of physical placement ground was based on a July 27, 2010 family court order suspending all physical placement with Alexis pursuant to the relevant statutes in Wis. Stat. ch. 767. That order was based in part on a supervised visit where Alexis dropped a pipe used for ingesting drugs. The order stated that "any placement by Alexis [] is suspended until said Alexis [] has a clean [drug] test result." Alexis had a clean drug test within one year, but then relapsed before the order was modified by the court. Ronald started this TPR action in another court and then moved for partial summary judgment based on the July 27, 2010 family court order denying placement being in effect for more than one year. *See* Wis.

---

[1] This appeal was converted from a one-judge appeal to a three-judge appeal under Wis. Stat. Rule 809.41(3) (2011–12). All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

STAT. § 48.415(4)(b). The primary issue at the hearing was whether the order had been in effect for more than one year or whether it had been suspended by Alexis's clean drug test. The trial court found that it had been in effect for more than one year and granted Ronald's partial summary judgment motion, finding that Alexis was unfit and that grounds for an involuntary termination of her parental rights existed.

¶ 4. After Ronald's motion was granted, the parties entered into the following stipulation:

(1) [Ronald] withdraws ground under Wis. STAT. [§] 48.415(6) [failure to assume parental responsibility] without prejudice.
(2) [Alexis] agrees not to appeal Court's decision granting partial summary judgment under Wis. STAT. [§] 48.415(4) [continuing denial of periods of physical placement]. [Alexis] further agrees that there is a factual basis for this ruling.

. . . .

(5) [Alexis] reserves the right to appeal all issues except the court's ruling on summary judgment under Wis. STAT. [§] 48.415(4).
In other words, Alexis agreed to give up her right to appeal the summary judgment decision in exchange for Ronald's agreement to drop the failure to assume parental responsibility ground.

¶ 5. At the hearing discussing the stipulation, the trial court read the stipulation into the record and conducted a colloquy with the parties to ascertain their understanding of the agreement. The trial court specifically engaged Alexis, who affirmed her understanding of the terms of the stipulation:

THE COURT: I want to be sure [Alexis] under-stands . . . . Based upon the agreement that has been entered into, [Ronald] gives up [his] right to assert that you failed to assume parental responsibility. However, you give up a right to appeal the judge's ruling with regard to [the family court] order prohibiting visita-tion . . . . Do you understand?

[ALEXIS]: I do.

. . . .

THE COURT: Have you had enough time to talk to [your attorney] about that?

[ALEXIS]: Yes, I have.

THE COURT: Are you satisfied with her representa-tion?

[ALEXIS]: I'm very satisfied.

THE COURT: And you understand that the court did make a finding of unfitness with regard to the [WIS. STAT. § 48.415(4)] ground?

[ALEXIS]: Yes, I do.

THE COURT: That finding would remain as part of the record. Do you understand?

[ALEXIS]: Yes.

THE COURT: You discussed that with [your attor-ney] as well?

[ALEXIS]: Yes.

The trial court then made the stipulation part of the court order.

¶ 6. At the subsequent dispositional hearing, Alexis's rights were terminated after the trial court found that termination was in Alexis's son's best inter-

est. Alexis now appeals the very same summary judgment decision that she stipulated she would not appeal. Her underlying argument is one that she did not make in her response to the summary judgment motion—that WIS. STAT. § 48.415(4) is unconstitutional because it requires proof of notices given in CHIPS dispositions, but not family court orders, before parental rights may be terminated. *See Kimberly S.S. v. Sebastian X.L.*, 2005 WI App 83, ¶¶ 7–9, 281 Wis. 2d 261, 697 N.W.2d 476. At a postdisposition hearing, Alexis's trial counsel acknowledged that she had not considered the legal arguments Alexis's appellate counsel now makes and that, if she had, she would not have advised Alexis to enter into the stipulation.

¶ 7. Ronald does not want this court to reach the constitutional question because of the stipulation. We agree with Ronald for the following reasons.

¶ 8. As a general rule, stipulations are binding on parties if they are made in court and placed in the record. *See* WIS. STAT. § 807.05; *see also Schmidt v. Schmidt*, 40 Wis. 2d 649, 653–54, 162 N.W.2d 618 (1968). WISCONSIN STAT. § 806.07(1) lists several conditions under which a trial court may relieve a party from the effects of a stipulation. Alexis also cites to *Johnson v. Owen*, 191 Wis. 2d 344, 350–51, 528 N.W.2d 511 (Ct. App. 1995), where we discussed the court's "inherent judicial power to avoid a stipulation in equity" in cases where there is "a plain case of fraud, misunderstanding, or mistake" justifying relief. The circumstances listed in *Johnson* are akin to § 806.07(1)(a) and (c), which allow relief in cases of "[m]istake, inadvertence, surprise, or excusable neglect" or "[f]raud, misrepresentation, or other misconduct of an adverse party." *See generally Schauer v. DeNeveu Homeowners Ass 'n*, 194 Wis. 2d 62,

71–72, 533 N.W.2d 470 (1995). Although there are several grounds for relief listed in § 806.07(1) that are not discussed in *Johnson*, Alexis focuses on the *Johnson* language, and so will we.

■

¶ 9.   We will not reverse a trial court's order denying a motion for relief from a stipulation unless the court erroneously exercised its discretion. *Hottenroth v. Hetsko*, 2006 WI App 249, ¶ 33, 298 Wis. 2d 200, 727 N.W.2d 38. Alexis's argument is that she is entitled to relief because she had a mistaken understanding of the law when she entered into the stipulation with Ronald. Her alleged mistaken understanding of the law stems from her trial attorney's failure to consider or inform her of the potential constitutional arguments her appellate counsel now makes. She likens the stipulation to a plea in a criminal case and claims that under the circumstances, it was involuntary because she did not possess an understanding of the law in relation to the facts.

■■
¶ 10.   But this is a civil case, not a criminal case. And although there are certain court-made protections in TPR cases that are similar to criminal procedure,[2] we must pay serious attention to the long-standing case law concerning stipulations in civil cases. We have held in the past that parties may waive their right to appeal by entering into a stipulation. *See, e.g., Johnson*, 191 Wis. 2d at 352 (upholding a stipulation that one party would not appeal in exchange for the other party agreeing not to seek costs); *Auer Park Corp. v. Derynda*,

[2] *See, e.g., Waukesha Cnty. v. Steven H.*, 2000 WI 28, ¶ 42, 233 Wis. 2d 344, 607 N.W.2d 607 (applying the analysis from *State v. Bangert*, 131 Wis. 2d 246, 274–75, 389 N.W.2d 12 (1986), to pleas in termination of parental rights cases).

230 Wis. 2d 317, 322, 601 N.W.2d 841 (Ct. App. 1999) ("A party to a civil case waives the right to appeal if he or she consents or stipulates to the entry of a judgment.").[3] It goes without saying that if a party has the authority to waive the right to appeal via stipulation, it means that all viable appellate arguments, known or unknown, are also waived. Stipulations to waive an appeal do not come with an unseen asterisk noting that if the party thereafter becomes aware of a good argument to make on appeal, that party may back out of the bargain. If such were the case, stipulations to waive an appeal would become meaningless.

██

¶ 11.  When Alexis and Ronald decided to enter into a stipulation rather than go to trial, they both had to assess the costs and benefits of that decision just as would any civil litigant. Although one statutory ground for unfitness had been decided at summary judgment, a

---

[3] We recognize that termination of parental rights cases are special proceedings and that parents who have substantial relationships with their children have a fundamental liberty interest in parenting them. *See Monroe Cnty. DHS v. Kelli B.*, 2004 WI 48, ¶ 23, 271 Wis. 2d 51, 678 N.W.2d 831. We did not locate Wisconsin case law from termination of parental rights proceedings explicitly enforcing stipulations not to appeal. We do note, however, that "a party's right to challenge the constitutionality of a statute can be waived by entering a plea of no contest" in a termination of parental rights case, just as in a criminal case. *See Kenosha Cnty. DHS v. Jodie W.*, 2006 WI 93, ¶ 24, 293 Wis. 2d 530, 716 N.W.2d 845. In addition, we found a California case holding that an unambiguous stipulation to jurisdictional findings in a termination of parental rights case waives the right to appeal those findings. *See In re Eric A.*, 87 Cal. Rptr. 2d 401, 404 (Cal. Ct. App. 1999). Moreover, since Alexis has not argued that the special nature of terminations of parental rights should preclude our enforcement of the stipulation in this case, we need not decide that issue.

trial was looming on the second where the facts were disputed and summary judgment was not the appropriate vehicle for resolution. While Alexis's motivation for entering into the bargain is not explicitly stated, we can surmise that a trial on her alleged failure to assume parental responsibility would have been unpleasant for her, given that she would have had to listen to testimony regarding her significant drug-related problems that Ronald claimed had resulted in a lack of relationship with her child.[4] In addition, a finding of unfitness based on a failure to assume parental responsibility could have had a negative impact on the trial court's impression of Alexis and her relationship with her son at the dispositional hearing. For whatever reason, Alexis felt that it was to her benefit to enter into the stipulation rather than go to trial. That decision came with a cost, but she signed it, which tells us she thought the cost was worth it. The fact that she now regrets her bargain because her appellate attorney has thought of arguments neither she nor her trial attorney considered before the stipulation was signed is not a "mistake." If anything, it is hindsight. But hindsight does not make a stipulation invalid under either *Johnson* or Wis. Stat. § 806.07(1).[5]

---

[4] Of course, much of that information would also be relevant at the dispositional hearing, which was long and detailed in this case. But the focus at the dispositional hearing is on the child, rather than the parent, which takes the spotlight off of Alexis's faults and focuses it instead on the child's needs.

[5] We note that in the postdisposition motion, appellate counsel explained that he was not pursuing an ineffective assistance of counsel claim based on trial counsel's failure to consider the constitutional argument raised on appeal because the argument is a novel challenge to law established in Wis. Stat. § 48.4 15(4) and *Kimberly S.S. v. Sebastian X.L.*, 2005 WI App 83, ¶¶ 7–9, 281 Wis. 2d 261, 697 N.W.2d 476. *See State v.*

¶ 12. Alexis also claims that the stipulation should be vacated because she "never intended the stipulation to extend to legal issues"; rather, it was to apply the trial court's specific ruling based on whether the order denying physical placement to Alexis was suspended when she had a clean drug test. The clear wording of the stipulation tells us otherwise: "[Alexis] agrees not to appeal Court's decision granting partial summary judgment under WIS. STAT. [§] 48.415(4). [Alexis] further agrees that there is a factual basis for this ruling." This is pretty broad, unlimiting language. Nothing in the wording of the stipulation limits it to the factual basis for that partial summary judgment as opposed to legal arguments. Nor has Alexis pointed to anything in the record that would have created an argument for ambiguity.

¶ 13. We now consider whether the trial court erroneously exercised its discretion when it upheld the stipulation. Before making its decision, the trial court held an evidentiary hearing where both Alexis and her trial attorney testified. At the conclusion, the court reasoned that Alexis's decision to waive her right to appeal was knowing, intelligent, and voluntary despite her attorney's failure to conceive of the constitutional arguments that her appellate attorney had lately unearthed. After reviewing the record, we agree.

¶ 14. When the stipulation was discussed and put into the record, the trial court conducted a thorough colloquy with Alexis, ascertaining she understood that she was giving up her right to appeal and that the

*McMahon*, 186 Wis. 2d 68, 85, 519 N.W.2d 621 (Ct. App. 1994) (Trial counsel is not ineffective for failing to raise challenges when the law is unclear.).

finding of unfitness would stand. The court also asked whether she had reviewed the stipulation with her attorney and whether she was satisfied with her representation, both of which she answered affirmatively. Even at the hearing on her postdisposition motion, Alexis acknowledged that she knew the stipulation meant she would be found unfit and that she was agreeing not to appeal that decision. Under the circumstances, we cannot conclude that the trial court erroneously exercised its discretion in upholding the stipulation. *See generally Hottenroth*, 298 Wis. 2d 200, ¶ 34.

¶ 15.   Finally, we consider Alexis's argument that we should relieve her from the stipulation in the interest of justice. She contends, more or less, that the equal protection argument she makes is so strong and so important that it would be unfair to preclude us from deciding it. Under WIS. STAT. § 752.35, we have the discretion to reverse the judgment "if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried." We decline to exercise that discretion here. In so doing, we note that the constitutional issue—based on Alexis not receiving warnings about the possible consequences of the family court order, which she would have received had the underlying litigation been a CHIPS proceeding—has little to do with the real facts behind the termination, which is Alexis's failure to manage her long-standing drug addiction in order to make herself available to her child. She could argue that she might have tried harder to manage her drug addiction if she had been warned that her parental rights could be terminated, but that argument would be speculative. And none of that speculation erases or reduces the substantial benefit Alexis

received in exchange for her agreement not to appeal the partial summary judgment decision. We see no reason to reverse in the interest of justice.

*By the Court.*—Orders affirmed.