COURT OF APPEALS
DECISION
DATED AND FILED

August 21, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2023AP735-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2018CF654

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

DANIEL S. KALASH,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Winnebago County:  DANIEL J. BISSETT, Judge.  *Affirmed*.

Before Neubauer, Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Daniel S. Kalash entered pleas of no contest, pursuant to a plea agreement, to two counts of causing a child under the age of thirteen to view or listen to sexual activity after Kalash, then thirty-four years old, allegedly sent pictures of his erect penis to an eleven-year-old girl. *See* WIS. STAT. § 948.055 (2021-22).[1] Kalash was sentenced to two years of initial confinement and five years of extended supervision. Kalash then filed a postconviction motion seeking plea withdrawal. He argued that § 948.055 is unconstitutional as applied to him and further asserted manifest injustice, ineffective assistance of trial counsel, and failure to establish a sufficient factual basis for his pleas. The circuit court denied Kalash's postconviction motion. He now appeals the judgment of conviction and the order denying his postconviction motion, renewing his postconviction arguments. We affirm.

## BACKGROUND

¶2 This case began with the filing of a criminal complaint in September 2018, which alleged the following facts. In August 2017, law enforcement was dispatched to the home of then-eleven-year-old Eve.[2] Eve's father told officers his daughter received explicit pictures via Facebook Messenger. Police learned that Eve was talking to an adult male, later identified as Kalash, whom she met while playing the online game Roblox. Kalash was living in Missouri at the time and was thirty-four years old.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] We use a pseudonym to protect the victim's privacy.

2

¶3 Eve reported that she told Kalash she was eleven, and Kalash told Eve he was twenty, but Eve said when she saw Kalash on a video chat, he looked much older than he claimed to be. Eve told police she had sent pictures to Kalash, including pictures showing her face. She also "stated that some of the conversations got weird and she said [Kalash] would talk about sex. [Eve] stated that he did send her images of male and female privates."

¶4 Looking through Eve's phone, police learned that Kalash "had asked numerous times what she was wearing, to pull her bra strap down, and to send a picture of her stomach to him." Police also observed records of "numerous video chats between [Eve] and Kalash." Kalash had sent Eve a picture of what he claimed was his female friend's breast. He also sent Eve a video of his friend masturbating and explained to Eve that the woman was "fingering herself." Kalash then told Eve to "[d]elete what [he was] about to send," and he sent her two pictures of an erect penis. He told Eve how "fingering" yourself "feels amazing." Kalash also dared Eve to masturbate and mocked her when she indicated disgust with the idea, asked her to lift up her skirt, and stated how he was "crushing" on her. Later, when an officer was posing as Eve in a chat, Kalash, who believed it was still Eve on the other end of the conversation, discussed being "horny" and having "a boner."

¶5 Based on the information police had gathered from Eve, her family, and her cell phone and notebook computer, the State charged Kalash with two counts of causing a child under the age of thirteen to view or listen to sexual activity. Kalash's trial attorney negotiated a plea agreement with the prosecutor that involved the State recommending significantly less initial confinement than the State's first plea offer. Kalash agreed to plead no contest to both counts, agreed to lifetime registration on the sex offender registry, and agreed to pay

extradition costs. In turn, the State agreed to jointly recommend a sentence of two years of initial confinement and six years of extended supervision.[3] The circuit court accepted Kalash's pleas and sentenced him according to the recommendation.

¶6      Kalash filed a postconviction motion advancing the arguments set forth above. The circuit court held an evidentiary hearing on the motion and both Kalash and his trial counsel testified. After reviewing the Record and postconviction briefs of the parties, the court denied Kalash's postconviction motion. The court concluded "that the plea colloquy was sufficient and that [Kalash] entered his plea … freely, voluntarily, and intelligently." It further concluded that trial counsel did not provide ineffective assistance to Kalash, that there was a sufficient factual basis to support Kalash's no-contest pleas, and it rejected Kalash's challenge to WIS. STAT. § 948.055. Kalash appeals.

## DISCUSSION

### 1. Challenge to WIS. STAT. § 948.055

¶7      Kalash argues on appeal that WIS. STAT. § 948.055 is unconstitutional as applied to him under the facts of this case. Section 948.055 provides, in pertinent part, as follows:

> (1) Whoever intentionally causes a child who has not attained 18 years of age, or an individual who the actor believes or has reason to believe has not attained 18 years of age, to view or listen to sexually explicit conduct may be penalized as provided in sub. (2) if the viewing or listening

---

[3] Although the joint recommendation was initially for two years in and six years out, the parties and the circuit court agreed that the actual maximum time of extended supervision was five years.

> is for the purpose of sexually arousing or gratifying the actor or humiliating or degrading the child or individual.
>
> (2)  Whoever violates sub. (1) is guilty of:
>
> > (a) A Class F felony if any of the following applies:
> >
> > > 1. The child has not attained the age of 13 years.
> > >
> > > 2. The actor believes or has reason to believe that the child has not attained the age of 13 years.

Sec. 948.055(1)–(2)(a)1. and 2.  Kalash asserts that the statute "must have some element of face-to-face contact with a victim in order for a statute to not have a chilling effect on free speech," and cannot constitutionally be applied to the facts of this case because he never met Eve in person.  The State argues that Kalash waived his right to bring an as-applied challenge both by failing to raise it in a pretrial motion and by pleading no contest.

¶8     Whether Kalash waived his right to appeal the constitutionality of the statute as applied to him based on his no-contest plea is a question of law we review de novo.  *See* *State v. Kelty*, 2006 WI 101, ¶13, 294 Wis. 2d 62, 716 N.W.2d 886.  In Wisconsin, we employ the guilty plea waiver rule, which states that a guilty, no contest, or *Alford* plea[4] "waives all nonjurisdictional defects, including constitutional claims."  *State v. Multaler*, 2002 WI 35, ¶54, 252 Wis. 2d 54, 643 N.W.2d 437.  An exception to the guilty plea waiver rule states that "a 'facial' constitutional challenge [is] a matter of subject matter jurisdiction," which cannot be waived, whereas an as-applied challenge is a nonjurisdictional defect

---

[4] "An *Alford* plea is a guilty plea in which the defendant pleads guilty while either maintaining his innocence or not admitting having committed the crime." *State v. Garcia*, 192 Wis. 2d 845, 856, 532 N.W.2d 111 (1995)

that can be waived. ***State v. Cole***, 2003 WI 112, ¶46, 264 Wis. 2d 520, 665 N.W.2d 328; *see also **State v. Trochinski***, 2002 WI 56, ¶34 n.15, 253 Wis. 2d 38, 644 N.W.2d 891.

¶9     Kalash concedes in his reply brief that he is raising an as-applied challenge, which can be waived, but asks this court to consider his constitutional arguments nonetheless. He cites to ***Class v. United States***, 583 U.S. 174 (2018) and ***Haynes v. United States***, 390 U.S. 85, 87 n.2 (1968) in support of his request. We are unpersuaded by Kalash's request to conclude that the waiver rule does not apply to his as-applied challenge.

¶10    This court has already addressed ***Class*** in a similar context. *See **State v. Jackson***, 2020 WI App 4, ¶9, 390 Wis. 2d 402, 938 N.W.2d 639. In ***Jackson***, we explained that "[a] facial challenge 'strip[s] the government of its ability to obtain a conviction against any defendant,' whereas 'an as-applied challenge does not dispute the [circuit] court's power to hear cases under the statute; rather, it questions the court's limited ability to enter a conviction in the case before it.'" ***Id.*** (citation omitted). Because it was unclear whether ***Class*** involved an as-applied or facial challenge, we concluded that "***Class*** does not preclude application of the guilty plea waiver rule as it pertains to [the defendant's] as-applied constitutional challenge." ***Jackson***, 390 Wis. 2d 402, ¶9.

¶11    We similarly conclude that ***Haynes*** does not preclude application of the guilty plea waiver rule to Kalash's as-applied challenge. ***Haynes*** involved a Fifth Amendment challenge to a federal firearms registration requirement. ***Haynes***, 390 U.S. at 86. As with ***Class***, it is unclear whether ***Haynes*** involved a facial or as-applied challenge to the statute at issue. Thus, Kalash has failed to

6

persuade us that the waiver rule does not apply to his as-applied challenge. *See Jackson*, 390 Wis. 2d 402, ¶9.

¶12 We conclude that Kalash's as-applied challenge was waived by his pleas of no contest. We therefore decline to address his constitutional challenge to WIS. STAT. § 948.055 on its merits, but we address his additional challenge to § 948.055 below in our discussion of Kalash's claims of ineffective assistance of counsel.

### 2. Plea Withdrawal due to Manifest Injustice

¶13 Before the circuit court accepts a guilty or no-contest plea, it must "[a]ddress the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted" and "[m]ake such inquiry as satisfies it that the defendant in fact committed the crime charged." WIS. STAT. § 971.08(1)(a) and (b). This is a "mandatory requirement" which the [circuit] court undertakes with the defendant, through a personal colloquy, to "ascertain his [or her] understanding of the nature of the charge[.]" *State v. Bangert*, 131 Wis. 2d 246, 260, 389 N.W.2d 12 (1986).

¶14 A postsentencing motion for plea withdrawal must establish that plea withdrawal is necessary to correct a manifest injustice. *State v. Bentley*, 201 Wis. 2d 303, 311, 548 N.W.2d 50 (1996). "[T]he 'manifest injustice' test is met if the defendant was denied the effective assistance of counsel." *Id.* The test is also met if the plea was not knowing, intelligent, and voluntary. *State v. Brown*, 2006 WI 100, ¶18, 293 Wis. 2d 594, 716 N.W.2d 906; *see also State v. Burton*, 2013 WI 61, ¶73, 349 Wis. 2d 1, 832 N.W.2d 611 ("Waiving constitutional rights must be knowing, intelligent, and voluntary acts 'done with sufficient awareness of the

7

relevant circumstances and likely consequences.'" (citation omitted)). Another means to meet the test for "manifest injustice is the failure to establish a sufficient factual basis that the defendant committed the offense to which he or she pleads." *State v. Johnson*, 207 Wis. 2d 239, 244, 558 N.W.2d 375 (1997) (citing *State v. Smith*, 202 Wis. 2d 21, 25, 549 N.W.2d 232 (1996)).

¶15     Kalash argues that he is entitled to plea withdrawal because it is necessary to correct a manifest injustice. He asserts that his plea was not knowing, intelligent, and voluntary; that trial counsel provided ineffective assistance; and finally, that there is no factual basis to support his no-contest pleas. We address each argument in turn below.

### a. Knowing, Intelligent, and Voluntary Plea

¶16     If a guilty plea is not entered knowingly, intelligently, and voluntarily, the defendant is entitled to withdrawal of the plea "as a matter of right because such a plea 'violates fundamental due process.'" *State v. Finley*, 2016 WI 63, ¶13, 370 Wis. 2d 402, 882 N.W.2d 761 (citing *Brown*, 293 Wis. 2d 594, ¶19).

¶17     In a postconviction proceeding, where the State bears the burden of demonstrating that a plea was knowing, intelligent, and voluntary, "the [S]tate may rely 'on the totality of the evidence, much of which will be found outside the plea hearing record.'" *Brown*, 293 Wis. 2d 594, ¶40 (citation omitted). Such evidence may include "testimony of the defendant and defense counsel to establish the defendant's understanding." *Id.* "The [S]tate may also utilize the plea questionnaire and waiver of rights form, documentary evidence, recorded statements, and transcripts of prior hearings to satisfy its burden." *Id.*

¶18     The Record conclusively refutes Kalash's assertion that he did not knowingly, voluntarily, and intelligently enter his pleas because the colloquy involved only "perfunctory questions" and the circuit court failed to "interact" with Kalash in a way that would demonstrate the knowing, voluntary, and intelligent nature of his pleas.  As the circuit court found when issuing its oral ruling after the postconviction hearing, "although a vast majority of the responses [during the plea colloquy] are of the nature of yes and no responses, there was nothing in the plea transcript that reflected any inability of [Kalash] to understand the colloquy [or] understand the questions that were asked."

¶19     Kalash's trial counsel testified extensively at the postconviction hearing regarding his interactions with Kalash prior to the entry of his pleas. Counsel testified that they "discussed how the facts apply as we went through each element" and that counsel had Kalash "initial on the side of each element confirming that we went through it."  He further testified that they had a "conversation about the nature of the evidence as well as the burden of proof that the State would have had[.]"  Moreover, counsel agreed that Kalash "never expressed a lack of clarity as to the charge that he was facing" and testified that he did not believe that Kalash failed to understand the nature of the charges.  Counsel affirmatively stated that he and Kalash "most definitely went through the evidence ... and what they had against him.  And that was never ... questioned."  Counsel further testified that Kalash never "contest[ed] that these pictures were sent to this girl and that's what he was charged for."  Finally, counsel testified that he discussed lifetime sex offender registration and the payment of extradition costs with Kalash.

¶20     Trial counsel's testimony was further supported by the plea questionnaire and waiver of rights form that Kalash signed.  The plea

questionnaire explains the rights that Kalash is waiving by pleading no contest, asserts that the elements of the crime have been explained, and explains the offer, which includes lifetime registration and payment of extradition costs. Attached to the plea questionnaire are the jury instructions for Kalash's charges, with Kalash's initials next to them, as counsel had testified.

¶21 In sum, the Record conclusively shows that Kalash is not entitled to relief on his claim that he did not enter his pleas knowingly, intelligently, and voluntarily.

### b. Ineffective Assistance of Counsel

¶22 Kalash next argues that he is entitled to plea withdrawal because he received ineffective assistance of trial counsel, alleging that counsel failed him by: not challenging the validity of WIS. STAT. § 948.055; not spending enough time to ensure that his pleas were knowing, voluntary, and intelligent; and finally, intimidating and coercing him not to seek plea withdrawal before his sentencing. The State disagrees, arguing that Kalash has not sufficiently demonstrated ineffective assistance.

### i. Failure to challenge WIS. STAT. § 948.055

¶23 Kalash argues that counsel was deficient for failing to challenge the charging statute, WIS. STAT. § 948.055. He renews his position that the statute must require some sort of in-person or face-to-face contact in order for the underlying conduct to be criminal.

¶24 We concluded above that Kalash had waived his as-applied constitutional challenge to WIS. STAT. § 948.055 because he entered pleas of no contest for violating the statute. Where an argument has not been preserved, such

as here, we review the challenge under the rubric of ineffective assistance of counsel. In order to show ineffective assistance of counsel, Kalash must show that counsel performed deficiently and that the deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "First, the defendant must show that counsel's performance was deficient." *Id.* "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* "Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*

¶25 It is well established that a defendant cannot satisfy the deficient performance prong where the claimed deficiency is failure to raise an issue on a point that has not been addressed in the law. *See Ronald J.R. v. Alexis L.A.*, 2013 WI App 79, ¶11 n.5, 348 Wis. 2d 552, 834 N.W.2d 437 (explaining that counsel is not ineffective for failing to pursue novel arguments); *see also State v. Jackson*, 2011 WI App 63, ¶10, 333 Wis. 2d 665, 799 N.W.2d 461 (stating: "When the law is unsettled, the failure to raise an issue is objectively reasonable and therefore not deficient performance."). Kalash cannot provide any instance in which a Wisconsin court has interpreted the challenged statute in this manner, nor has our independent research uncovered any. Instead, he argues that "[u]nder the statutes' plain language, Mr. Kalash's alleged actions here do not constitute a violation of WIS. STAT. § 948.055." According to Kalash's interpretation, the statute "prohibits allowing a child to 'view or listen to sexually explicit conduct.' It does not state that iPhone or other internet display or sharing itself as an act is prohibited."

11

¶26    The problem with Kalash's assertion is that no Wisconsin court has ever interpreted the statute as he does. That ends the deficient-performance analysis. Likewise, no Wisconsin court has ruled on the constitutional challenges he now raises. Regardless of the merits of those arguments, the fact that they were not raised until the postconviction motion and waived by the no-contest pleas is fatal to the challenge because under these circumstances, they do not rise to an ineffective assistance of counsel claim.

### ii.    *Failure to ensure pleas were knowing, voluntary, and intelligent*

¶27    As did the circuit court, we concluded above that Kalash entered his pleas knowingly, voluntarily, and intelligently. For that reason, we conclude that counsel did not perform deficiently by failing to spend enough time with Kalash to ensure that he fully understood the nature and effect of his pleas. Thus, there was no ineffective assistance in this regard.

### iii.    *Coercion and intimidation*

¶28    Similarly, we reject Kalash's argument that trial counsel was ineffective by coercing or intimidating him into entering his pleas and in not seeking plea withdrawal prior to sentencing. When reviewing a claim of ineffective assistance of counsel, the circuit court's findings of fact will not be disturbed unless those findings are clearly erroneous. *State v. Maday*, 2017 WI 28, ¶25, 374 Wis. 2d 164, 892 N.W.2d 611. "'[T]he circumstances of the case and ... counsel's conduct and strategy' are considered findings of fact." *Id.* (citation omitted).

¶29 After noting that it had reviewed the transcripts and arguments from the postconviction evidentiary hearing, the circuit court made the following findings:

> [T]here was some disputed testimony at that hearing. Both … trial counsel for the defendant, and the defendant testified.
>
> There was some disagreement in their testimony in regards to what was discussed between the parties, and party being counsel and the defendant, and the response that both the defendant and counsel had to their discussions, was some disparity at this point with regards to what was perceived as the goal or potential goal of the defense in this particular case.
>
> And certainly the Court judges and weighs the credibility of witnesses at those types of evidentiary hearings.
>
> And in this case the Court would find that the defense counsel … was not deficient and ineffective based on a claim of intimidating the defendant to enter a plea. I don't find that that was present in this case and that there wasn't that intimidation in regards to not pursuing a plea withdrawal motion.

¶30 Where there is conflicting testimony, we defer to the circuit court's credibility determinations and will affirm its factual findings unless they are clearly erroneous. *Welytok v. Ziolkowski*, 2008 WI App 67, ¶28, 312 Wis. 2d 435, 752 N.W.2d 359. If more than one reasonable inference can be drawn from the credible evidence, we must accept the reasonable inference drawn by the circuit court. *Id.*, ¶27. Having reviewed the Record, we conclude that the evidence sufficiently supports the court's implicit findings that trial counsel's postconviction testimony that he never coerced, pressured, or intimidated Kalash into entering his pleas or into not seeking plea withdrawal before sentencing was more credible than Kalash's general allegations of coercion and intimidation. We

therefore conclude that Kalash has failed to establish ineffective assistance of counsel on this ground as well.

### c. Factual Basis

¶31 In his final argument in support of plea withdrawal, Kalash argues that there was an insufficient factual basis to support his no-contest pleas. Kalash focuses this argument largely on the requirement that a defendant may not be found guilty of causing a child to view or listen to sexually explicit materials unless "the viewing or listening is for the purpose of sexually arousing or gratifying the actor or humiliating or degrading the child or individual." *See* WIS. STAT. § 948.055(1). He now asserts that he is not guilty of the offenses to which he pled and that there is an insufficient factual basis in the Record to support an inference that his alleged actions toward Eve were for Kalash's own sexual gratification or to humiliate or degrade Eve. We disagree.

¶32 When reviewing a motion to withdraw a plea based on whether there was a factual basis underlying the guilty plea, the court may look at the "totality of the circumstances[.]" *State v. Thomas*, 2000 WI 13, ¶18, 232 Wis. 2d 714, 605 N.W.2d 836. The totality of the circumstances "includes the plea hearing record, the sentencing hearing record, as well [as] the defense counsel's statements concerning the factual basis presented by the [S]tate, among other portions of the record." *Id.* Whether a defendant has demonstrated deficiencies in the plea colloquy that establish a violation of WIS. STAT. § 971.08, or "has sufficiently alleged that he [or she] did not know or understand information that should have been provided at the plea hearing" are questions of law that we review de novo. *Brown*, 293 Wis. 2d 594, ¶21.

¶33  "Generally, the factual basis for a guilty plea may be established by reference to the allegations set forth in the criminal complaint." ***State v. Sutton***, 2006 WI App 118, ¶17, 294 Wis. 2d 330, 718 N.W.2d 146.  Looking to the criminal complaint charging Kalash with violating WIS. STAT. § 948.055, we conclude that the complaint is replete with examples that establish Kalash's actions were intended for his own sexual gratification, while often serving the dual purpose of degrading and humiliating Eve.  We have recited many such examples in the Background section above.  To repeat just a few, during various conversations, Kalash asked Eve to pull her bra strap down, to lift up her skirt, and to send him pictures of her stomach.  He mocked Eve for declining his dare to "finger herself" in relation to a video he had sent Eve depicting a woman masturbating.  He sent Eve photos of an erect penis in the context of the masturbation discussion, and directed her to delete them.  He also discussed that he was "crushing on" Eve, that he was "horny," and that he would "have a boner" if she ever sat on his lap.

¶34  The allegations from the complaint alone are sufficient to establish a factual basis for his pleas, but, lest there be any doubt, additional Record documents offer further support.  For example, according to the presentence investigation writer, Kalash "said he was aware of the victim[']s age and that she was a minor. He stated some of the conversations were sexual in nature and illegal."  Kalash "stated, 'I appreciate the victim for reporting this to her parents. Also, I am very apologetic to her and her family.  I feel terrible for possibly giving them some kind of trauma.'"  At sentencing, trial counsel stated that Kalash was remorseful and was taking "ownership for his actions."  Kalash did not dispute the facts at sentencing either, telling the circuit court in his allocution that he was "deeply ashamed of [his] actions and [he] fully regret[s]" what he did.  Finally, he

stated that he took "full responsibility for [his] actions." Therefore, based on the totality of the circumstances as set forth in the Record, we conclude that Kalash has not presented a prima facie case that warrants plea withdrawal. *See **Thomas***, 232 Wis. 2d 714, ¶18. As a result, the circuit court did not err in denying Kalash's postconviction motion seeking plea withdrawal based on an insufficient factual basis.

## CONCLUSION

¶35 For the foregoing reasons, we conclude that Kalash is not entitled to withdraw his plea. The Record demonstrates that he waived his constitutional challenge to WIS. STAT. § 948.055; his pleas were entered knowingly, voluntarily, and intelligently; trial counsel did not provide Kalash with ineffective assistance; and there is a sufficient factual basis to support Kalash's pleas under the totality of the circumstances. Therefore, we affirm both the judgment of conviction and the order denying Kalash's postconviction motion.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.