In re the Termination of Parental Rights to
Jillian K. L., a Person Under the Age of 18:

Kimberly S. S.,
Petitioner-Appellant,

v.

Sebastian X. L.,
Respondent-Respondent.†
[Case No. 04-3219.]

In re the Termination of Parental Rights to Adam
J. L., a Person Under the Age of 18:

Kimberly S. S.,
Petitioner-Appellant,

v.

Sebastian X. L.,
Respondent-Respondent.†
[Case No. 04-3220.]

Court of Appeals

Nos. 04–3219, 04–3220. Submitted on briefs March 1, 2005.
—Decided March 31, 2005.

2005 WI App 83

(Also reported in 697 N.W.2d 476.)

---

† Petition to review denied 6-1-05.

261

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Richard J. Auerbach* of *Auerbach & Porter, S.C.*, and *Sandra Holtzman* of *Law Offices of Sandra Holtzman*, Madison.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Jon C. Manzo*, Middleton.

Before Dykman, Lundsten and Higginbotham, JJ.

¶ 1. DYKMAN, J.  Kimberly S.S. appeals from a judgment dismissing her petition to terminate the parental rights of her ex-husband, Sebastian X.L., to their children, Jillian K.L. and Adam J.L., brought under WIS. STAT. § 48.415(4) (2003–2004).[1] The circuit court dismissed the termination of parental rights (TPR) petition because the family court order denying physical placement to Sebastian did not contain the warnings provided in WIS. STAT. § 48.356. Because we

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted. The constitutionality of WIS. STAT. § 48.415(4) was recently upheld by the supreme court in a case asserting a substantive due process infirmity. *Dane Co. v. P.P.*, 2005 WI 32, 279 Wis. 2d 169, 694 N.W.2d 344 (Wis. March 23, 2005) (Nos. 03–2440 through 03–2446).

conclude that a petitioner need not prove that a family court order included the warnings provided in § 48.356, we reverse and remand for further proceedings.

## *Background*

¶ 2. The relevant facts are undisputed. Kimberly and Sebastian were divorced in 2002. Their judgment of divorce denied Sebastian physical placement of their children, Jillian and Adam, but did not contain a warning that continuation of the denial of placement for one year could be grounds for termination of Sebastian's parental rights. In 2004, Sebastian was still denied physical placement, and Kimberly filed petitions to terminate his parental rights to the children under Wis. Stat. § 48.415(4). Sebastian moved to dismiss the petitions because the divorce judgment did not include the warnings contained in Wis. Stat. § 48.356(2). Kimberly asserted that § 48.415(4) does not require proof that an underlying family court order contained these statutory warnings. The circuit court granted Sebastian's motion and Kimberly appeals. The chief judge ordered that this case be heard by a three-judge panel. *See* Wis. Stat. Rule 809.41(3).

## *Discussion*

¶ 3. The issue is whether Wis. Stat. § 48.415(4) requires that a TPR petitioner prove that an underlying family court order contained the warnings required by Wis. Stat. § 48.356(2).[2] This is a question of statutory

---

[2] Wisconsin Stat. § 48.356 requires that "any written order which places a child . . . outside the home or denies visitation" contain warning "of any grounds for termination of parental rights . . . which may be applicable and of the conditions necessary for the child . . . to be returned to the home . . . ."

interpretation that we review independently of the trial court. *In re Commitment of Lombard*, 2004 WI 95, ¶ 17, 273 Wis. 2d 538, 684 N.W.2d 103.

¶ 4.   "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Court*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. "We assume that the legislature's intent is expressed in the statutory language." *Id.* Therefore, statutory interpretation "begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry." *Seider v. O'Connell*, 2000 WI 76, ¶ 43, 236 Wis. 2d 211, 612 N.W.2d 659.

¶ 5.   Wisconsin Stat. § 48.415(4) provides that parental rights may be terminated for

> continuing denial of periods of physical placement or visitation, which shall be established by proving all of the following:
>
> (a) That the parent has been denied periods of physical placement by court order in an action affecting the family or has been denied visitation under an order under s. 48.345, 48.363, 48.365, 938.345, 938.363 or 938.365 containing the notice required by s. 48.356(2) or 938.356(2) . . . .

The notice under Wis. Stat. § 48.356(2) and § 938.356(2) is a notice of "any grounds for termination of parental rights . . . which may be applicable and of the conditions necessary for the child to be returned to the home . . . ." *See* §§ 48.356(1) and 938.356(2). The orders under Wis. Stat. §§ 48.345, 48.363, 48.365, 938.363 and 938.365 are juvenile court orders denying visitation to a parent in child in need of protection or services (CHIPS) proceedings.

¶ 6.   Kimberly contends that the first usage of the word "or" in W<small>IS</small>. S<small>TAT</small>. § 48.415(4)(a) separates the paragraph's first clause, which pertains to family court orders, from its second clause, which pertains to juvenile court orders. Sebastian asserts that the first usage of the word "or" in § 48.415(4)(a) does not separate the portion regarding family court orders from that regarding juvenile court orders. He argues that had the legislature intended the two to be read separately it would have divided the paragraph into separate subparagraphs. Further, he posits that the directive in § 48.415(4) that "all of the following" must be proven to establish this ground for termination means that proof of the notice in W<small>IS</small>. S<small>TAT</small>. § 938.356(2) is required for orders issued in family court as well as juvenile court. We believe that Sebastian's view contravenes the statute's plain language.

¶ 7.   The plain language of W<small>IS</small>. S<small>TAT</small>. § 48.415(4) requires proof that the notices in W<small>IS</small>. S<small>TAT</small>. § 48.356(2) were provided only when the underlying order was issued in juvenile court.[3] We agree with Kimberly that the first usage of "or" in § 48.415(4)(a) separates the paragraph into two self-contained clauses, one pertaining to family court orders and the other applicable to juvenile court orders. Thus, we read the notice requirement provision to be a part of the clause pertaining to juvenile court orders, and as inapplicable to the clause pertaining to family court orders. "[W]hen a statute is plain and unambiguous, interpretation is unnecessary and intentions cannot be imputed to the legislature

---

[3] Though we conclude that W<small>IS</small>. S<small>TAT</small>. § 48.356(2) notices are not required in family court, the better practice would be to explain to litigants the danger of ignoring placement denials.

except those to be gathered from the terms of the statute itself." *Harris v. Kelley*, 70 Wis. 2d 242, 249, 234 N.W.2d 628 (1975).

¶ 8.  Sebastian notes that a provision of the custody and physical placement section of the family code requires that courts "den[ying] periods of physical placement . . . give the parent that was denied periods of physical placement the warning provided under s. 48.356." WIS. STAT. § 767.24(4)(cm). He contends that this provision demonstrates that the legislature intended that the statutory warnings be given in family court orders under § 767.24. *See Kalal*, 271 Wis. 2d 633, ¶ 46 (explaining that context is relevant to a plain language interpretation of a statute, including "relation [of a statute] to the language of surrounding or closely-related statutes . . . .").

¶ 9.  Sebastian's contention is correct as far as it goes. However, the fact that WIS. STAT. § 767.24 requires a family court to provide the applicable notice does not establish that provision of the notice is an element of proof under WIS. STAT. § 48.415(4). Ultimately, Sebastian's attempt to define § 48.415(4) by importing intent from § 767.24 must fail because the meaning of § 48.415(4) is apparent from the text of the statute itself.[4]

¶ 10.  We also note that the legislative history of WIS. STAT. § 48.415(4) supports our plain-meaning interpretation. *See Kalal*, 271 Wis. 2d 633, ¶ 51 ("[L]egisla-

---

[4] Moreover, as Kimberly observes, notice is not required for orders revising a judgment of divorce under WIS. STAT. § 767.325; it is only required for initial placement and custody determinations under WIS. STAT. § 767.24. If we took Sebastian's view, an order denying physical placement under § 767.325 could not be a basis for a TPR proceeding unless the court happened to provide warnings not required by statute.

tive history is sometimes consulted to confirm or verify a plain-meaning interpretation."). Prior to July 1, 1996, § 48.415(4) applied only to family court orders denying physical placement, and did not refer to warnings of any kind.[5] The legislature in 1995 amended the statute to add as a ground for termination denials of visitation contained in juvenile court orders. 1995 Wis. Act 275, § 80. An explanatory note accompanying the provision indicates that the notice requirement applies only to the juvenile court orders added by the legislation:

> [This change] [e]xpands the ground for involuntary TPR based on continuing denial of periods of physical placement to also provide for periods in which a juvenile court has denied visitation under an order under s. 48.345 or 938.345, stats. (CHIPS dispositional order), 48.357 or 938.357, stats. (change in placement order), 48.363 or 938.363, stats. (revision of dispositional order), or 48.365 or 938.365, stats. (extension of dispositional order), if the order contained the notice required by s. 48.356 (2), stats., that is, a warning about continuing denial of visitation as a ground for involuntary TPR and the conditions necessary for the parent to be granted visitation.

Note to 1995 Wis. Act 275, § 80.

¶ 11.  Finally, Sebastian contends that previous appellate court rulings support his position, citing *In re D.F.*, 147 Wis. 2d 486, 496, 433 N.W.2d 592 (Ct. App.

---

[5] WISCONSIN STAT. § 48.415(4) (1993–1994) provided:

**Continuing denial of periods of physical placement.** Continuing denial of periods of physical placement may be established by a showing that:

(a) The parent has been denied periods of physical placement by court order in an action affecting the family; and

(b) At least 1 year has elapsed since the order . . . was issued and [it] has not [been] subsequently modified . . .

1988), *abrogated in part, In re Jamie L.*, 172 Wis. 2d 218, 493 N.W.2d 56 (1992), and *State v. Alice*, 2000 WI App 228, 239 Wis. 2d 194, 619 N.W.2d 151. He acknowledges that these cases differ from the present case because the underlying orders were issued in juvenile court, not family court. Nonetheless, he notes that this case, like those he cites, involves a parent's fundamental liberty interest in his or her child. He concludes that to require proof of notice for only some orders would mean that the fundamental liberty interest at stake in all TPR proceedings would be treated differently from case to case.

¶ 12.   To the extent that Sebastian is arguing that the legislature would not enact statutes that treated similar situations differently, we repeat that the legislature unambiguously did just that in Wis. Stat. § 48.415(4). The remedy here, if any is needed, is legislative, not judicial. *La Crosse Hospital v. La Crosse*, 133 Wis. 2d 335, 338, 395 N.W.2d 612 (Ct. App. 1986). If Sebastian is questioning the constitutionality of § 48.415(4), we conclude that he has not adequately developed the issue and we need not address it. *See Justmann v. Portage County*, 2005 WI App 9, ¶ 13, 278 Wis. 2d 487, 692 N.W.2d 273. Moreover, the constitutionality of § 48.415(4) was recently upheld in *Dane Co. v. P.P.*, 2005 WI 32, 279 Wis. 2d 169, 694 N.W.2d 344 (Wis. March 23, 2005) (Nos. 03–2440 through 03–2446), though differences may exist between the issues addressed in *P.P.* and those that Sebastian might raise.

*By the Court.*—Judgment reversed and cause remanded.