**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**November 7, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

| Appeal Nos. | **2019AP1645** | Cir. Ct. Nos. | 2018TP15 |
| | **2019AP1646** | | 2018TP16 |
| | **2019AP1647** | | 2018TP17 |

**STATE OF WISCONSIN**                                  **IN COURT OF APPEALS**
**DISTRICT IV**

---

IN RE THE TERMINATION OF PARENTAL RIGHTS
TO E. S. K., A PERSON UNDER THE AGE OF 18:

**G. K.,**

    PETITIONER-RESPONDENT,

  V.

**S. C.,**

    RESPONDENT-APPELLANT.

---

IN RE THE TERMINATION OF PARENTAL RIGHTS
TO M. A. K., A PERSON UNDER THE AGE OF 18:

**G. K.,**

    PETITIONER-RESPONDENT,

  V.

**S. C.,**

    **RESPONDENT-APPELLANT.**

_____

**IN RE THE TERMINATION OF PARENTAL RIGHTS
TO M. J. C., A PERSON UNDER THE AGE OF 18:**

**G. K.,**

    **PETITIONER-RESPONDENT,**

  **V.**

**S. C.,**

    **RESPONDENT-APPELLANT.**

_____

APPEALS from orders of the circuit court for Rock County: MICHAEL A. HAAKENSON, Judge. *Affirmed.*

¶1    GRAHAM, J.[1]  These are appeals of a decision terminating S.C.'s parental rights to three children, E.S.K., M.A.K., and M.J.C. S.C. argues that the circuit court erred when it determined that there were grounds to terminate her parental rights under WIS. STAT. § 48.415(4). Specifically, she argues that an earlier order in a family court proceeding was defective and therefore cannot be the basis for terminating her parental rights. I affirm the judgment of the circuit court because S.C.'s argument is based on an incorrect interpretation of § 48.415(4).

_____

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2)(d) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

*Background*

¶2      S.C. and G.K. have three biological children together.  In this proceeding, which I refer to as the "TPR proceeding," the children's father, G.K., seeks termination of S.C.'s parental rights.  S.C. and G.K. are also parties to a separate matter, which I refer to as the "family court proceeding."

¶3      The arguments in these appeals turn on a July 19, 2017 written order that was entered in the family court proceeding and that prevented S.C. from having any periods of physical placement of the children (the "Placement Order"). The written Placement Order memorialized the family court commissioner's oral decision at a hearing that occurred the previous month on June 17, 2017.  During that hearing, the commissioner found that S.C. "has no relationship with her children at present" and that ordering regular periods of placement for S.C. going forward would not be in the children's best interests.  Accordingly, the commissioner denied S.C. periods of physical placement of the children.  The Placement Order did not identify any conditions for S.C. to satisfy to regain placement.

¶4      The Placement Order expressly warned S.C. that her parental rights could be terminated if the order was not modified within a year:

> PURSUANT TO THIS ORDER, you have been denied periods of physical placement in an action affecting the family.  If at least one year elapses after this order is entered and the court does not subsequently modify this order to allow you to have visitation or periods of physical placement with this child, grounds will exist to terminate your parental rights to this child.

3

S.C. did not seek a de novo hearing,[2] nor did she appeal the written Placement Order.

¶5    G.K. initiated this TPR proceeding by filing petitions to terminate S.C.'s parental rights to E.S.K., M.A.K., and M.J.C.[3]  Initially, G.K. alleged abandonment as the grounds for termination.  *See* WIS. STAT. § 48.415(1)(a)3. G.K. later amended the petitions to add continued denial of periods of physical placement or visitation as an alternative ground for termination, *see* § 48.415(4), and he moved for summary judgment on that ground.

¶6    Meanwhile, more than a year after the family court commissioner's oral order and nearly a year after the written Placement Order was entered, S.C. filed a motion to vacate the Placement Order in the family court proceeding. Nothing in the record before me suggests that the Placement Order was ever vacated or modified.

¶7    On September 24, 2018, the circuit court held a hearing in the TPR proceeding on G.K.'s motion for summary judgment.  S.C.'s sole argument was that she had not been properly and timely advised of her right to seek a de novo review of the Placement Order and that under the circumstances, it would be

---

[2] WISCONSIN STAT. § 757.69(8) provides in part:  "Any determination, order, or ruling by a circuit court commissioner may be certified to the branch of court to which the case has been assigned, upon a motion of any party for a hearing de novo."

[3] There are two phases to involuntary termination of parental rights proceedings.  In the first phase, known as the "grounds phase," the circuit court determines whether there are statutory grounds for terminating parental rights, and if so, the court must find the parent unfit.  *See* WIS. STAT. § 48.424(1)(a), (4); **Steven V. v. Kelley H.**, 2004 WI 47, ¶¶24-26, 271 Wis. 2d 1, 678 N.W.2d 856.  If the parent is found to be unfit, the proceeding moves to the second phase, known as the "dispositional phase," in which the court must determine whether termination of parental rights is in the child's best interest.  *Id.*, ¶¶26-27.

inequitable to use it as grounds for terminating her parental rights in the TPR proceeding.[4]

¶8     The circuit court issued an oral ruling finding grounds to terminate S.C.'s parental rights under WIS. STAT. § 48.415(4). As the court explained, it was undisputed that S.C. had been denied periods of physical placement by a court order in an action affecting the family, that more than a year had elapsed since the order was issued, and that the Placement Order had not been subsequently modified. In rejecting S.C.'s sole argument against summary judgment, the court reasoned that even if the family court extended S.C.'s deadline to seek a de novo hearing of the Placement Order, that action would not eliminate the underlying order, which had been in place for more than a year without modification.

¶9     At the subsequent dispositional hearing, the court found that it was in the best interest of the children that S.C.'s parental rights be terminated. The order terminating parental rights was entered on May 29, 2019, and S.C. appeals.

*Discussion*

¶10     S.C. argues that the Placement Order entered in the family court proceeding cannot serve as grounds to terminate her parental rights under WIS. STAT. § 48.415(4). Her primary argument is that the family court commissioner failed to advise her of "the conditions necessary for the child … to be returned to the home or for the parent to be granted visitation." She contends that § 48.415(4) and WIS. STAT. § 48.356(2) require these conditions to be included in the order,

---

[4] This opinion does not address the merits of the argument that S.C. made to the circuit court since she does not renew it in her appeals.

and without them, the order is defective. She asserts that it is improper to rely on a defective order as a predicate for terminating her parental rights.

¶11 I could conclude that this argument is forfeited, since S.C. did not raise it in the TPR proceeding in the circuit court. She instead raised a different notice argument, which the court rejected, and which S.C. does not appeal. However, I will not rest my decision on forfeiture here, since it is a rule of judicial administration. *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶17, 273 Wis. 2d 76, 681 N.W.2d 190. Instead, I conclude that S.C.'s argument is based on a misinterpretation of WIS. STAT. § 48.415(4) and is foreclosed by *Kimberly S.S. v. Sebastian X.L.*, 2005 WI App 83, 281 Wis. 2d 261, 697 N.W.2d 476.

¶12 WISCONSIN STAT. § 48.415(4) provides that "[c]ontinuing denial of periods of physical placement or visitation" is grounds for termination of parental rights, and "shall be established by proving all of the following":

> (a) That the parent has been denied periods of physical placement by court order in an action affecting the family or has been denied visitation under an order under [various sections of the Children's Code, Chapter 48] containing the notice required by s. 48.356(2) ….

> (b) That at least one year has elapsed since the order denying periods of physical placement or visitation was issued and the court has not subsequently modified its order so as to permit periods of physical placement or visitation.

¶13 S.C. acknowledges that the Placement Order was issued "in an action affecting the family." She acknowledges that the text of the Placement Order expressly warned her that grounds would exist to terminate her parental rights if it was not modified within a year. She nevertheless argues that the Placement Order had to fully comply with WIS. STAT. § 48.356(2), and to do so it

was also required to identify "conditions necessary for the child … to be returned to the home or for the parent to be granted visitation."

¶14   S.C.'s argument conflates the requirements for a family court order denying placement and the requirements for an order issued in a CHIPS proceeding initiated by the government.  For child in need of protective services ("CHIPS") proceedings, the court is statutorily required to include conditions in a dispositional order, *see* WIS. STAT. § 48.355(2)(b)7., and a parent subject to a CHIPS dispositional order may seek the return of the child if he or she complies with the court-ordered conditions, *see **Sheboygan County DHHS v. Tanya M.B.**,* 2010 WI 55, ¶47, 325 Wis. 2d 524, 785 N.W.2d 369.  The same is not true for family court orders denying physical placement under WIS. STAT. § 767.41(4), in which such conditions are neither typical nor required.  *See* § 767.41(4); ***State v. Alice H.***, 2000 WI App 228, ¶33, 239 Wis. 2d 194, 619 N.W.2d 151.  S.C. appears to cite ***Alice H.*** for the proposition that *any* order, CHIPS or otherwise, that denies physical placement must set forth conditions for regaining placement.  To the contrary, ***Alice H.*** holds that a court may only impose such conditions in a family court order if they are "necessary to protect the child from the danger of physical, emotional or mental harm if the child is placed with the parent." ***Alice H.***, 239 Wis. 2d 194, ¶33.  Thus, ***Alice H.*** *does not require* conditions of return in family court orders, and instead *limits* the circumstances under which a court may impose them.

¶15   In any event, this court has already addressed and rejected the argument that S.C. makes.  In ***Kimberly S.S.***, 281 Wis. 2d 261, the father was denied any periods of physical placement under an order issued in family court, and after a year passed, his parental rights were terminated under WIS. STAT.

§ 48.415(4). He argued that the family court order did not meet the requirements of § 48.415(4) because it did not "contain[] the notice required by s. 48.356," but we disagreed based on a plain language interpretation of § 48.415(4). We explained that the statute addressed two different kinds of orders: (1) orders that deny placement and are issued by a family court (referred to in the statute as orders in "action[s] affecting the family"); and (2) orders that deny visitation in a CHIPS proceeding and are issued by a juvenile court. *Kimberly S.S.*, 281 Wis. 2d. 261 ¶5. Based on the plain language of the statute, we determined that the notice provision is "part of the clause pertaining to juvenile court orders" and is "inapplicable to the clause pertaining to family court orders." *Id.*, ¶7.

¶16 To be sure, a different statute in WIS. STAT. Ch. 767 (which pertains to actions affecting the family) requires a family court to provide notice that any order denying periods of physical placement may provide grounds for termination of parental rights unless modified, *see* WIS. STAT. § 767.41(4)(cm), and the family court did so here. But even if it hadn't, *Kimberly S.S.* unequivocally holds that such notice is not "an element of proof" required by WIS. STAT. § 48.415(4) when the order in question is "a court order in an action affecting the family."[5] *Kimberly S.S.*, 281 Wis. 2d 261, ¶¶5, 9.

¶17 Finally, S.C. also cites *State v. Bobby G.*, 2007 WI 77, ¶39, 301 Wis. 2d 531, 734 N.W.2d 81, for the proposition that TPR proceedings are often

---

[5] G.K. raised the above arguments about *Kimberly S.S.*'s interpretation of the statutory language in his response brief, but S.C. failed to address them in her reply brief, and we deem them conceded. *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (appellant's failure to respond in reply brief to an argument made in response brief may be taken as a concession).

fact-intensive and thus unsuitable for summary judgment. This may be true in some cases, but here, the legal grounds are "expressly provable by official documentary evidence." *Steven V. v. Kelly H.*, 2004 WI 47, ¶37, 271 Wis. 2d 1, 678 N.W.2d 856. It is undisputed that S.C. was denied periods of physical placement by a court order in an action affecting the family, that more than a year had elapsed since the order was issued, and that the order has not been subsequently modified. S.C. disputes what legal principles to apply, but a dispute about the law does not preclude summary judgment. *See Breiby v. DOA*, 55 Wis. 2d 16, 18, 197 N.W.2d 737 (1972) ("[S]ummary judgment is proper if there is no material issue of fact and the question presented is solely one of law.").

¶18 For the above reasons, I conclude that the circuit court properly granted summary judgment during the grounds phase of the TPR proceeding based on WIS. STAT. § 48.415(4). Having reached this conclusion, I decline to address G.K.'s alternative arguments based on other grounds.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.