**COURT OF APPEALS
DECISION
DATED AND FILED**

**January 9, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

| Appeal No. **2023AP630** | Cir. Ct. No. **2020TP51** |
|---|---|
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS<br>DISTRICT III** |

IN RE THE TERMINATION OF PARENTAL RIGHTS TO H. C. J.,
A PERSON UNDER THE AGE OF 18:

**R. G.,**

    PETITIONER-RESPONDENT,

  V.

**J. J.,**

    RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Chippewa County: STEVEN H. GIBBS, Judge. *Affirmed.*

¶1    GILL, J.[1] Jacob[2] appeals from an order terminating his parental rights to his son, Hank, based upon a continuing denial of periods of physical placement or visitation pursuant to WIS. STAT. § 48.415(4).[3] Jacob argues that the circuit court erred by concluding he was "denied" periods of physical placement based upon his stipulation in a family law action that he would have no custody or physical placement of his son until further order of the court. He also argues that his due process rights were violated because his parental rights were terminated without a hearing on his fitness as a parent. We reject Jacob's arguments and affirm.

## BACKGROUND

¶2    Jacob and Rita were married and had a son, Hank, who was born in November 2015. In May 2016, a criminal action was commenced against Jacob for sexual assault of an unrelated child. Jacob and Rita divorced in December 2016. In April 2017, Jacob was convicted of second-degree sexual assault of a child, exposing genitals to a child, and causing a child between the ages of thirteen and eighteen to view sexual activity.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] For ease of reading, we refer to the appellant, the child, and the associated family members in this confidential matter using pseudonyms, rather than their initials.

[3] Cases appealed under WIS. STAT. RULE 809.107 are "given preference and shall be taken in an order that ensures that a decision is issued within 30 days after the filing of the appellant's reply." RULE 809.107(6)(e). Conflicts in this court's calendar have resulted in a delay. It is therefore necessary for this court to sua sponte extend the deadline for a decision in this case. *See* WIS. STAT. RULE 809.82(2)(a); *Rhonda R.D. v. Franklin R.D.*, 191 Wis. 2d 680, 694, 530 N.W.2d 34 (Ct. App. 1995). Accordingly, we extend our deadline to the date this decision is issued.

¶3    In June 2017, prior to Jacob being sentenced, Jacob and Rita addressed previously reserved divorce issues, including the issue of Hank's custody and physical placement.  Jacob and Rita presented a stipulated custodial agreement to the circuit court which stated that "[Rita] shall have sole legal custody of the parties' minor child, [Hank]…. [Rita] shall have sole and primary physical placement of the child.  [Jacob] shall have no placement time with the minor child until further order of the [c]ourt."  The court incorporated this custodial agreement, in its entirety, into a supplemental divorce judgment.  The following day, Jacob was sentenced in his criminal case to six years' initial confinement followed by six years' extended supervision.

¶4    In December 2020, Rita petitioned the circuit court to terminate Jacob's parental rights.  Based upon the supplemental divorce judgment, Rita asserted that Jacob's parental rights should be terminated on the grounds of continuing denial of periods of physical placement and failure to assume parental responsibility pursuant to WIS. STAT. § 48.415(4) and (6), respectively.  Jacob moved to dismiss the petition, arguing that the supplemental divorce judgment did not constitute a "denial" of physical placement as required by § 48.415(4).  The court rejected the motion to dismiss, stating that the supplemental divorce judgment was entered in an action affecting the family, thereby satisfying § 48.415(4).

¶5    In July 2022, the matter proceeded to a bench trial, where the circuit court was tasked with determining whether there were grounds to terminate

Jacob's parental rights to Hank.[4] In its decision, amongst other things, the court quoted the supplemental divorce judgment, which granted sole physical placement of Hank to Rita; noted that Hank's placement had not been modified since the supplemental divorce judgment was entered; and thereby found—by clear and convincing evidence—that there were grounds to terminate Jacob's parental rights due to continuing denial of periods of physical placement or visitation pursuant to WIS. STAT. § 48.415(4).[5] The court then found Jacob to be an unfit parent pursuant to WIS. STAT. § 48.424(4).[6] The court subsequently conducted a dispositional hearing, determined that it was in Hank's best interests to terminate Jacob's parental rights, and granted the petition to terminate Jacob's parental rights.

¶6 Jacob filed a motion for reconsideration, again arguing that the stipulated custodial agreement was not a denial of physical placement and thus could not satisfy WIS. STAT. § 48.415(4). Jacob further argued that terminating his parental rights pursuant to § 48.415(4) violated his due process rights, as the circuit court's order terminating his parental rights did not allege unfitness. The court denied Jacob's motion, stating that Rita had proved by clear and convincing

---

[4] "Wisconsin has a two-part statutory procedure for the involuntary termination of parental rights." *Steven V. v. Kelley H.*, 2004 WI 47, ¶24, 271 Wis. 2d 1, 678 N.W.2d 856. In the first step, the grounds phase, a fact finder must determine whether the petitioner has established the existence of one or more of the statutorily enumerated grounds for a termination of parental rights. *See* WIS. STAT. § 48.424(1)(a). In the second step, the dispositional phase, the circuit "court is called upon to decide whether it is in the best interest of the child that the parent's rights be permanently extinguished." *Steven V.*, 271 Wis. 2d 1, ¶27.

[5] The circuit court concluded that Rita did not prove by clear and convincing evidence that Jacob failed to assume parental responsibility. Rita does not challenge this ruling on appeal, and, therefore, we do not discuss this ground further.

[6] WISCONSIN STAT. § 48.424(4) provides that "[i]f grounds for the termination of parental rights are found by the [circuit] court or jury, the court shall find the parent unfit."

evidence that the requirements in § 48.415(4) were satisfied and that the court was therefore required to find Jacob an unfit parent. Jacob now appeals.

## DISCUSSION

¶7 Jacob argues that he was not "denied" placement as required by WIS. STAT. § 48.415(4) because he stipulated to the custody and placement agreement underlying the supplemental divorce judgment and because the supplemental divorce judgment allows Jacob to have placement upon "further order of the [c]ourt." Jacob further argues that § 48.415(4) is unconstitutional as applied to him because the statute deprives him of the fundamental right to parent his child without a hearing regarding his fitness as a parent. We reject Jacob's arguments and affirm.

¶8 Whether the circuit court erred by concluding that the supplemental divorce judgment is a "denial" of physical placement under WIS. STAT. § 48.415(4) is a question of statutory interpretation. *See **State v. Perry***, 215 Wis. 2d 696, 706-07, 573 N.W.2d 876 (Ct. App. 1997). Statutory interpretation presents a question of law, which we review de novo. ***Nowell v. City of Wausau***, 2013 WI 88, ¶19, 351 Wis. 2d 1, 838 N.W.2d 852.

¶9 "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.' Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." ***State v. ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). Statutory language should be "interpreted in the context in which it is used; not in isolation

5

but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46.

¶10    WISCONSIN STAT. ch. 48 does not define the word "denial," *see* WIS. STAT. § 48.02; and we therefore turn to the plain meaning of the word within its statutory context.  *See Kalal*, 271 Wis. 2d 633, ¶¶45-46.  Jacob's parental rights were terminated under WIS. STAT. § 48.415(4), continuing denial of periods of physical placement or visitation, which requires showing both

> (a) That the parent has been denied periods of physical placement by court order in an action affecting the family or has been denied visitation under an order under [WIS. STAT. §§] 48.345, 48.363, 48.365, 938.345, 938.363 or 938.365 containing the notice required by [WIS. STAT. §§] 48.356(2) or 938.356(2).
>
> (b) That at least one year has elapsed since the order denying periods of physical placement or visitation was issued and the court has not subsequently modified its order so as to permit periods of physical placement or visitation.

Sec. 48.415(4).

¶11    This court has clarified that "the first usage of 'or' in [WIS. STAT. §] 48.415(4)(a) separates the paragraph into two self-contained clauses, one pertaining to family court orders and the other applicable to juvenile court orders." *Kimberly S.S. v. Sebastian X.L.*, 2005 WI App 83, ¶7, 281 Wis. 2d 261, 697 N.W.2d 476.  Here, the clause relevant to the termination of Jacob's parental rights is the clause pertaining to family court orders.  WISCONSIN STAT. § 767.001(1) defines "[a]ction affecting the family" to include divorce actions and actions "[c]oncerning periods of physical placement or visitation rights to children."  Sec. 767.001(1)(c), (k).

¶12     Jacob stipulated to not having physical placement of Hank as a part of Jacob and Rita's divorce case.  Consequently, the stipulation—and the subsequent supplemental divorce judgment—occurred in an action affecting the family.  Further, it is uncontested that at the time the circuit court found grounds to terminate Jacob's parental rights, more than one year had passed since the supplemental divorce judgment was entered.

¶13     Subject to limitations not relevant to this appeal, WIS. STAT. § 767.34(1) permits the parties in a divorce action, subject to the circuit court's approval, to "stipulate … for the support of children, or for legal custody and physical placement."  However, a "stipulation under this provision is 'merely a recommendation jointly made by [the parties in a divorce action] to the court suggesting what the judgment, if granted, is to provide.'"  *Hottenroth v. Hetsko*, 2006 WI App 249, ¶12, 298 Wis. 2d 200, 727 N.W.2d 38 (alteration in original; citation omitted).  "When a court adopts a stipulation, it 'does so on its own responsibility, and the provisions become its own judgment.'"  *Id.*, ¶25 (citation omitted).

¶14     It is uncontested that Jacob stipulated to the custody and placement agreement that provided him with no physical placement of Hank.  This stipulation, however, was merely a recommendation to the circuit court and had no effect by itself.  *See id.*, ¶12.  It was not until the court adopted the stipulation and incorporated it into its supplemental divorce judgment that the stipulation went into effect and became binding.  *See id.*, ¶¶12-13.  The supplemental divorce judgment, with the incorporated stipulated custody and placement agreement, had the effect of denying Jacob physical placement of Hank.  Accordingly, we conclude that the court's supplemental divorce judgment was a court order in an

action affecting the family denying Jacob periods of physical placement, as required by WIS. STAT. § 48.415(4)(a).

¶15     Jacob contends that the plain meaning of "denied" "suggests some kind of adverse order[] against a parent's request for placement." Jacob defines "denial" as a "refusal to satisfy a request or desire." *Denial*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/denial (last visited Jan. 3, 2024). Instead of denying him placement, Jacob argues that the supplemental divorce judgment merely "allocated [physical placement of Hank] solely to Rita in light of Jacob's incarceration and 'until further order of the [c]ourt.'" In support of this argument, Jacob notes that the supplemental divorce judgment did not use the word "denied."

¶16     We are not persuaded by Jacob's argument. We first note that WIS. STAT. § 48.415(4) does not require that a circuit court in an action affecting the family specifically use the words "denial" or "denied" for its orders to effectuate a denial of physical placement. We decline to impose a requirement that the court use specific language that the statute does not require. *See State v. Brown*, 2020 WI 63, ¶¶27-28, 392 Wis. 2d 454, 945 N.W.2d 584 ("The law generally rejects imposing 'magic words' requirements.") (citations omitted). Rita argues, and we agree, that Merriam-Webster also defines "denial" as a "negation" and that the supplemental divorce judgment negated Jacob's rights to physical placement of Hank. *See Denial*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/denial (last visited Jan. 3, 2024). The supplemental divorce judgment provided Jacob with "no placement time with" Hank and awarded sole placement to Rita. The only way for Jacob to obtain placement of Hank—without violating the court order—would have been for him

to petition the court to modify physical placement. Thus, the supplemental divorce judgment had the effect of denying Jacob physical placement of Hank.

¶17 Jacob next argues that he was not "denied" physical placement under WIS. STAT. § 45.415(4) because the term "denial of physical placement" has a special meaning in WIS. STAT. ch. 767 and it requires the circuit court to find that "physical placement rights would endanger the child's physical, mental, or emotional health." *See* WIS. STAT. § 767.41(4)(b). In support of this argument, Jacob notes that § 767.41(4)(cm) states, "If a court denies periods of physical placement under this section, the court shall give the parent that was denied periods of physical placement the warning provided under [WIS. STAT. §] 48.356." Jacob then notes that § 48.356 requires the court to "orally inform the parent … who appear[s] in court of any grounds for termination of parental rights under [§] 48.415 which may be applicable and of the conditions necessary for the child … to be returned to the home." *See* § 48.356(1). Jacob also argues that "denial," as applied to a stipulated custodial agreement, would have required the parties to stipulate that physical placement of Hank with Jacob would endanger Hank's physical, mental, or emotional health.

¶18 We first note that Jacob's argument—that WIS. STAT. ch. 767's definition of "denial of placement" applies to WIS. STAT. § 48.415(4)—has previously been rejected by this court. *See **Kimberly S.S.***, 281 Wis. 2d 261, ¶¶8-12 ("To the extent that [the father] is arguing that the legislature would not enact statutes that treated similar situations differently, we repeat that the legislature unambiguously did just that in … § 48.415(4). The remedy here, if any is needed, is legislative, not judicial."). Further, even if Jacob were correct in arguing that the definition "denial of physical placement" in WIS. STAT. § 767.41(4)(b) is linked to termination of parental rights proceedings, Jacob was

not denied physical placement under § 767.41(4). Rather, the circuit court approved Jacob and Rita's custodial stipulation regarding Hank's physical placement pursuant to WIS. STAT. § 767.34(1).

¶19     WISCONSIN STAT. § 767.34, while containing some limitations on the types of stipulations the circuit court may approve, contains no provision mandating the court to give a parent who is denied physical placement the warning required under WIS. STAT. § 48.356. Similarly, § 767.34 contains no language— either directly or by citing to WIS. STAT. § 767.41(4)—requiring parties to stipulate that physical placement of a child with a parent would be harmful to the child in order for a court's adoption of a stipulated agreement to qualify as a denial of placement. Thus, in the absence of statutory language supporting Jacob's contentions, we reject his argument. *See **Fond Du Lac County v. Town of Rosendale***, 149 Wis. 2d 326, 334, 440 N.W.2d 818 (Ct. App. 1989) ("One of the maxims of statutory construction is that courts should not add words to a statute to give it a certain meaning.").

¶20     Jacob also argues that relying on the custody and placement agreement within the supplemental divorce judgment to conclude that the requirements in WIS. STAT. § 48.415(4) were satisfied would lead to an absurd result. In support, Jacob presents a hypothetical situation where a parent serving in the military is deployed overseas for an indeterminate amount of time, thus resulting in an order granting sole physical placement to the other parent and exposing the serving parent to having their parental rights terminated. We reject this argument.

¶21     WISCONSIN STAT. § 767.34(3)(b) states that a circuit court "may approve a stipulation for legal custody and physical placement that includes

modifications to legal custody or physical placement upon the occurrence of a specified future event that is reasonably certain to occur within 2 years of the date of the stipulation."  Notably, this paragraph does not indicate that stipulations without such a time limitation are void.  Regardless of the above, any parent's stipulation would not result in the automatic termination of his or her parental rights.  The termination of parental rights action would simply proceed to the second phase of the proceedings, where the court must consider the child's best interests, including whether the child has a substantial relationship with the parent and the duration of the parent's separation from the child.  WIS. STAT. § 48.426(3).  We note that, in the present case, Jacob had approximately four years in which he could have petitioned the circuit court to amend the order, and like in the above hypothetical, Jacob had the opportunity to prove to the court that termination of his rights was not in Hank's best interest regardless of the supplemental family law order, but failed to do so.[7]

¶22　　We now turn to Jacob's argument that WIS. STAT. § 48.415(4) is unconstitutional as applied to him.  Jacob argues that § 48.415(4) violates his due process rights because his parental rights were terminated without a hearing on his fitness as a parent.

¶23　　"Whether a statute is constitutional presents a question of law that we review de novo."  *Dane Cnty. Dep't of Hum. Servs. v. P.P.*, 2005 WI 32, ¶14, 279 Wis. 2d 169, 694 N.W.2d 344.　　"A party challenging a statute's

---

[7] We also note that, when an order of physical placement is modified due to a service member being called to active duty in the military, WIS. STAT. § 767.451(3m) requires that the "the allocation of periods of physical placement and, if applicable, physical placement schedule that were in effect before the modification are reinstated immediately upon the service member's discharge or release from active duty."

constitutionality bears a heavy burden to overcome the presumption of constitutionality…. [A] party … must demonstrate that the statute is unconstitutional beyond a reasonable doubt." *Id.*, ¶18. It is undisputed that Jacob has a fundamental liberty interest at stake; and thus, WIS. STAT. § 48.415(4) must withstand strict scrutiny. *See P.P.*, 279 Wis. 2d 169, ¶20. "[T]o withstand strict scrutiny, a statute must be narrowly tailored to meet a compelling state interest. Here, the compelling state interest is to protect children from unfit parents. Accordingly, the statutory scheme at issue must be narrowly tailored to advance the State's interest in protecting children from unfit parents." *Id.*

¶24 As-applied constitutional challenges question the constitutionality of a statute "on the facts of a particular case or [as applied] to a particular party." *State v. Smith*, 2010 WI 16, ¶10 n.9, 323 Wis. 2d 377, 780 N.W.2d 90 (citation omitted). "'In an as-applied challenge, the constitutionality of the statute itself is not attacked; accordingly, the presumption that the statute is constitutional applies….' However, while we presume the statute is constitutional, 'we do not presume that the State applies statutes in a constitutional manner.'" *Mayo v. Wisconsin Injured Patients & Fams. Comp. Fund*, 2018 WI 78, ¶56, 383 Wis. 2d 1, 914 N.W.2d 678 (citations omitted).

¶25 Jacob correctly notes that he "is entitled to a hearing on his fitness as a parent before his children [are] taken from him." *See Stanley v. Illinois*, 405 U.S. 645, 649 (1972). However, Jacob misunderstands the Wisconsin termination of parental rights process, insomuch as the grounds phase of the termination of parental rights proceedings *is* a hearing on a parent's fitness. *See Sheboygan Cnty. Dep't of Health & Hum. Servs. v. Tanya M.B.*, 2010 WI 55, ¶¶50-52, 325 Wis. 2d 524, 785 N.W.2d 369 ("WIS[CONSIN] STAT. ch. 48 reflects" that "the due process clause of the Fourteenth Amendment requires that proof of parental

unfitness be shown by clear and convincing evidence."). WISCONSIN STAT. §§ 48.415 and 48.424(4) require the circuit court to find a parent unfit if the petitioner proves, by clear and convincing evidence, that grounds exist for the termination of parental rights.

¶26 In the instant case, a hearing was held to determine whether there were grounds to terminate Jacob's parental rights. Jacob had the right to—and did—present evidence at that hearing regarding his fitness as Hank's parent. At the conclusion of the hearing, the circuit court found that Rita had proved by clear and convincing evidence that there were grounds to terminate Jacob's parental rights. Based on that finding, and pursuant to WIS. STAT. § 48.424(4), the court found Jacob unfit as a parent. Thus, we reject Jacob's argument that his parental rights were terminated without a hearing. *See B.L.J. v. Polk Cnty. Dep't of Soc. Servs.*, 153 Wis. 2d 249, 255-56, 450 N.W.2d 499 (Ct. App. 1989) ("A parent whose rights are terminated under § 48.424(4) has received more than adequate protection by the prescribed process of termination of parental rights.").

¶27 Jacob also argues that the circuit court's finding of unfitness violated his due process rights because the finding was impermissibly based solely on his incarceration. Our supreme court has previously concluded that:

> [A] parent's incarceration is not itself a sufficient basis to terminate parental rights. Other factors must also be considered, such as the parent's relationship with the child and any other child both prior to and while the parent is incarcerated, the nature of the crime committed by the parent, the length and type of sentence imposed, the parent's level of cooperation with the responsible agency and the Department of Corrections, and the best interests of the child.

*Kenosha Cnty. Dep't of Hum. Servs. v. Jodie W.*, 2006 WI 93, ¶50, 293 Wis. 2d 530, 716 N.W.2d 845.[8]

¶28 In its written decision after the grounds trial, the circuit court directly addressed Jacob's concern that its finding of unfitness was impermissibly based solely on his incarceration. The court quoted the above language from *Jodie W.*, noted that the main reasons that Rita wanted to terminate Jacob's parental rights were his "crimes, convictions, and incarceration," and then addressed each of the factors listed in *Jodie W.* Specifically, the court noted that

> [e]vidence showed [that Jacob] initially had a relationship with [Hank] when he was a very young child. Then, [Jacob] was convicted of 2nd degree sexual assault of child (not his own child), exposing genitals to a child, and causing a child 13-16 to view sex activity. He was sentenced to 6 years in prison and is expected to be released on extended supervision in 2023. It appears that [Jacob] has cooperated with the Department of Corrections. During his incarceration, he has tried to keep in touch with [Hank] by writing him. [Rita] has asked him to stop writing.

The court was also aware that Jacob co-parented another child while incarcerated.

¶29 Although the circuit court did not provide a detailed analysis of the *Jodie W.* factors, nor specify how they relate to Hank's best interests, we search the record to support the court's findings. Given the court's comments and decision, we infer the court found that Jacob was unfit to continue to parent Hank

---

[8] We note that *Kenosha County Department of Human Services v. Jodie W.*, 2006 WI 93, 293 Wis. 2d 530, 716 N.W.2d 845 was a case where the ground for termination of parental rights was continuing need of protection or services rather than continuing denial of periods of physical placement or visitation. *See id.*, ¶8; WIS. STAT. § 48.415(2). We assume without deciding that the *Jodie W.* factors apply to the ground of continuing denial of periods of physical placement or visitation.

based upon the nature of Jacob's crimes, coupled with the length of his incarceration, and lack of ongoing communication with Hank. Thus, the court considered the additional factors set forth by our supreme court. *Cf. id.*, ¶¶52-55 (Termination of parental rights reversed due to the circuit court improperly deeming the parent unfit "solely by virtue of her status as an incarcerated person without regard for her actual parenting activities or the condition of her child"); ***Kia M.E. v. Jerome E.O.***, No. 2009AP2383, unpublished slip op. ¶¶15-19 (WI App Dec. 3, 2009)[9] (Termination of parental rights based upon denial of periods of physical placement reversed due to the court's written order clearly providing that the sole reason for denying physical placement was because the parent was incarcerated). Regardless, the termination of Jacob's parental rights was not based solely on his incarceration but, rather, on the facts noted above as well as the supplemental divorce judgment based on the custody and placement agreement that Jacob stipulated to. Accordingly, we reject Jacob's argument that the court impermissibly found him unfit as a parent based solely on his incarceration.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[9] Unpublished opinions authored by a single judge and issued on or after July 1, 2009, may be cited for their persuasive value. *See* WIS. STAT. RULE 809.23(3)(b).